**In re TRIM–LEAN MEAT PRODUCTS, INC., a Delaware Corporation, Debtor.**

**ASSOCIATES COMMERCIAL CORPORATION, Plaintiff,**

v.

**TRIM–LEAN MEAT PRODUCTS, INC., Defendant.**

**Bankruptcy No. 79–234.**
**Adv. No. A–80–5.**

United States Bankruptcy Court,
D. Delaware.

July 7, 1980.

Garry Greenstein, Wilmington, Del., for plaintiff.

Richard G. Elliott, Jr., Richards, Layton & Finger, Wilmington, Del., for Creditors Committee.

Eduard F. von Wettberg, III, Wilmington, Del., for Warren F. Beasley, Trustee in Bankruptcy.

Henry A. Heiman, Wilmington, Del., for debtor.

HELEN S. BALICK, Bankruptcy Judge.

## MEMORANDUM OPINION

Associates Commercial Corporation ("Associates") seeks to reclaim a 1979 Peterbilt truck-tractor from Warren F. Beasley, trustee of Trim-Lean Meat Products, Inc. ("Trim-Lean"). Trim-Lean is the subject of an involuntary reorganization petition filed October 3, 1979 on which an order for relief was entered November 8, 1979. Associates filed a secured proof of claim in the sum of $62,021.44 on February 6, 1980 and this adversary proceeding on February 13. Trial was held March 24.

On June 25, 1979, Trim-Lean purchased and took possession of a truck-tractor from Peterbilt of Baltimore, 2723 Annapolis Road, Baltimore, Maryland. Peterbilt Motors Company issued a Manufacturer's Statement of Origin for this vehicle on January 22, 1979 to Peterbilt of Washington, D.C. That statement bears on its back first and second assignments. The first, dated June 25, 1979 to Peterbilt of Baltimore; the second, on the same date, to Trim-Lean. The second assignment indicates that Associates is the first lienholder (Associates' exhibit # 2). A security agreement between Peterbilt of Baltimore and Trim-Lean reserving a security interest in the truck-tractor was assigned by Peterbilt to Associates on June 25 (Associates' Exhibit # 1). These documents indicate that the truck-tractor was to be located at Trim-Lean's plant in Newark, Delaware.

At delivery, the truck-tractor bore temporary tags. No certificate of title was ever obtained. Therefore, no lien or security interest in favor of Associates was noted on a certificate of title; no U.C.C. financing statement was ever filed.

The undisputed testimony of Jan Berkowitz, the officer of Trim-Lean in charge of the transaction, is that Trim-Lean signed each and every document it was requested to sign in connection with the transaction, that no one ever gave Trim-Lean instructions with regard to titling or having a lien or security interest in favor of Associates noted on a certificate of title, and that no one ever contacted Trim-Lean in the ensuing months to inquire about a certificate of title and/or notation of a lien or security interest. Associates did contact Trim-Lean in an effort to collect amounts due under the security agreement (2 checks for payments were returned for insufficient funds).

Associates' claim to the truck-tractor is based upon its security interest, which is evidenced by the security agreement and the notation on the Manufacturer's Statement of Origin. The Trustee asserts that the interest is not perfected and, thus, as between the Trustee and Associates, the Trustee is entitled to the truck-tractor.

■ The truck-tractor is clearly a motor vehicle and is not exempt from registration. 21 *Del.C.* §§ 101(20) and (48), 316(2). Under 6 *Del.C.* § 9–302(3)(b), perfection of a security interest in a motor vehicle must be accomplished by notation on a certificate of title in accordance with the applicable provisions of the Motor Vehicle Code, 21 *Del.C.* § 2331, et seq. Pursuant to § 544(a) of the Bankruptcy Code, incorporating 6 *Del.C.* § 9–301(1)(2) and (3), an unperfected security interest in a motor vehicle is subordinate and inferior to the rights of a trustee in bankruptcy.

■ A secured party has the primary responsibility for seeing to perfection of its security interest. See *In re Flynn*, E.D. Mich. (6 U.C.C.Rptr. 1119) (1969); Uniform Commercial Code § 9–301, Official Comment No. 1 and § 9–303 Official Comment No. 1. Associates contends that it did all it could have done to perfect its security interest because the Delaware Motor Vehicle Code provides that the *owner* shall obtain registration of, and a certificate of title for,

the vehicle with all liens being noted on the certificate of title. Notwithstanding the fact that Associates is not the "owner", it could have effected the lien notation under paragraph F on the reverse side of the security agreement (Associates' Exhibit # 1). That language constitutes the functional equivalent of a power of attorney and would have permitted Associates to take the Manufacturer's Statement of Origin and obtain a certificate of title in Trim-Lean's name with its lien noted. Associates also could have accompanied Trim-Lean's representative to the motor vehicle department for titling and lien notation.

Although this court has held that an equitable lien may arise in favor of a secured party (*Metal Cleaning and Processing, Inc., et al. v. Standard Havens, Inc.*, D.Del., BK–77–49 (1978)), there is no basis to find an equitable lien in favor of Associates. Associates did not do all it could have done to achieve perfection of its security interest. There is no evidence of ignored instructions, of a recalcitrant debtor refusing to sign papers and thereby defeating the rights of a secured party nor is this a situation where the debtor voluntarily commenced a bankruptcy case thereby consciously defeating the rights of a secured, but unperfected, party. Under the circumstances, the lack of perfection must be borne by Associates not the creditors of Trim-Lean.