**In re J. Mike BUCKLEY, Individually and f/d/b/a Commercial Builders of Fargo, Inc., Bankrupt.**

**Judith STOWMAN, Trustee, Plaintiff,**

**v.**

**FARGO NATIONAL BANK AND TRUST COMPANY, Defendant.**

**Civ. No. 6–80–291.**

United States District Court,
D. Minnesota,
Sixth Division.

July 14, 1980.

David L. Stowman, Detroit Lakes, Minn., for plaintiff, trustee.

David T. DeMars, DeMars Law Office, Ltd., Fargo, N. D., for defendant.

## MEMORANDUM AND ORDER

EDWARD J. DEVITT, Chief Judge.

This is an appeal from an order of the bankruptcy judge which held that the defendant bank's security interest in a certain truck was superior to the interest of the trustee under section 70 of the Bankruptcy Act, 11 U.S.C. § 110. Plaintiff argues that the bank did not have a perfected security interest in the truck because it failed to file

under the vehicle lien statute. N.D.Cent. Code § 35–01–05.1. Defendant argues that it was in possession of the vehicle and therefore had a perfected security interest under the Uniform Commercial Code-Secured Transactions, N.D.Cent.Code § 41–09–26. The bankruptcy court held for defendant. We reverse.

This case concerns the relative rights of the parties to a 1977 Ford pick-up truck. The truck was sold by a dealer on an installment contract to the bankrupt on September 2, 1977. The dealer retained a security interest in the truck and immediately, upon the sale, assigned the installment contract and the security interest to the defendant bank. The truck was registered in North Dakota under the Motor Vehicle Title Registration Act. N.D.Cent.Code § 39–05 et seq. However, neither the seller nor the bank recorded the security interest on the certificate of title. The buyer defaulted on his payments whereupon the bank, on October 19, 1978, exercised its rights under the security agreement and took possession of the truck. On November 8, 1978, Buckley, individually and d/b/a Commercial Builders of Fargo, Inc., filed a petition in bankruptcy and was thereafter adjudged a bankrupt.

█ The trustee in bankruptcy asserts her right to the truck under section 70(c) of the Bankruptcy Act, 11 U.S.C. § 110(c). Section 70(c) clothes the trustee in bankruptcy, upon the date of bankruptcy, with all the rights and powers of a lien creditor. A lien creditor's right to goods is superior to the rights of an unperfected secured creditor. N.D.Cent.Code § 41–09–22(1)b; lien creditor includes a trustee in bankruptcy. Id. at § 41–09–22(3). Thus, if the bank's security interest in the truck was not perfected as of the date the petition in bankruptcy was filed, the trustee must prevail.

Under the Uniform Commercial Code-Secured Transactions, N.D.Cent.Code § 41–09–26, a security interest in goods may be perfected by the secured party's taking possession of the collateral. The vehicle lien statute, however, provides, inter alia,

No security interest in a vehicle which is not inventory held for sale shall be valid as against subsequent purchasers and encumbrances of the property in good faith and for value unless the security interest is clearly indicated upon the certificate of title to the vehicle or unless such certificate of title is in possession of the secured party.

N.D.Cent.Code § 35–01–05.1.

Neither party asserts that the truck, after its sale, was inventory. It is clear that, at the time relevant to this case, the truck was not inventory. See, N.D.Cent.Code §§ 41–09–09, 41–09–23(3)b. The bank argues that since it had possession of the truck prior to the date the petition in bankruptcy was filed, it had a perfected security interest in the truck as of the date it took possession. The trustee urges that the code provisions governing perfection do not apply but that the exclusive means of perfecting a security interest in a motor vehicle is by notation on the certificate of title as required by the vehicle lien statute. N.D. Cent.Code § 35–01–05.1.

█ The narrow legal issue presented on appeal is whether the vehicle lien statute or the Uniform Commercial Code govern the perfection of security interests in vehicles where the vehicle is not inventory. The North Dakota Supreme Court has not addressed that issue. However, a reading of the pertinent statutes indicates that the motor vehicle lien statute was intended as the exclusive means of perfecting a security interest in a motor vehicle.

Section 35–01–05.1, the motor vehicle lien statute, unequivocally provides that no security interest in a vehicle is valid as against a subsequent good faith purchaser or encumbrancer unless noted on the certificate of title. The language of that statute precludes the perfection of a security interest by possession under N.D.Cent.Code § 41–09–26. The motor vehicle lien statute was enacted in 1973. 1973 N.D.Sess.Laws, ch. 271, § 1. North Dakota adopted the Uniform Commercial Code in 1965, 1965 N.D.Sess.Laws, ch. 296 § 1. It is a fundamental principle of statutory construction that statutes covering the same subject

should be construed together and so far as possible in harmony with each other. However, "if there is an irreconcilable conflict between the new provision and the prior statutes relating to the same subject matter, the new provision will control as it is the later expression of the legislature." 2A Sutherland, Statutory Construction, 51.02 at 290 (4th ed. 1973). The motor vehicle lien statute is the later and therefore controlling expression of the legislature.

That the motor vehicle lien statute was intended as the exclusive means of perfecting a security interest in non-inventory motor vehicles is further supported by a 1973 amendment to the North Dakota Uniform Commercial Code. Section 9–302(3)b was amended to provide,

> The filing of a financing statement otherwise required by this chapter is not necessary *or effective* to perfect a security interest in property subject to:
>
> \* \* \* \* \* \*
>
> (b) Section 35–01–05.1 [motor vehicle lien statute], but during any period in which collateral is inventory held for sale . . . the filing provisions of this chapter (Part 4) apply to a security interest in that collateral created by him as a debtor;

N.D.Cent.Code § 41–09–23(3)(b) (emphasis added). As amended, that section indicates that the filing provisions of the Uniform Commercial Code do not apply to motor vehicles unless the motor vehicles are inventory held for sale. The intent of the amendment was to delineate the competing spheres of operation of the Code and the vehicle lien statute. *Ramsey National Bank & Trust Company v. Suburban Sales & Service, Inc. of Devils Lake*, 231 N.W.2d 732, 737 n. 1 (N.D.1975), leaving to the Code perfection of security interests in motor vehicles as inventory and to the vehicle lien statute the security interest in motor vehicles as other classes of goods.

Decision of the Bankruptcy Court is REVERSED; the security interest of the Fargo National Bank & Trust Company is declared to be subordinate to the trustee's interest in said vehicle.