**In re Perry Ray PEEK and Nadine Dale Peek, Debtors.**

**John M. FOUSEK, Trustee in Bankruptcy, Plaintiff,**

v.

**NEPCO FEDERAL CREDIT UNION, Defendant.**

**Bankruptcy Case No. 581–00139. Adv. Nos. 582–0050, 582–0051.**

United States Bankruptcy Court, D. South Dakota.

June 3, 1983.

---

1. See *In re Callister,* 5 C.B.C.2d 1058, 8 B.C.D. 446, 15 B.R. 521 (Bkrtcy.1981), appeal dismissed 673 F.2d 305 (10 Cir.1982).

Wm. Jason Groves, Rapid City, S.D., for plaintiff.

Haven L. Stuck, Lynn, Jackson, Shultz & Lebrun, P.C., Rapid City, S.D., for defendant.

William P. Westphal, Sr., Minneapolis, Minn., U.S. trustee.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

The trustee filed complaints to determine the validity, priority, and extent of the creditor's liens on the debtors' vehicles. The complaints came on before the Court for pre-trial conference and the parties agreed to present the matters to the Court on a stipulation of facts. The captioned cases have been consolidated for decision of common issues. The facts are uncontroverted.

At the time of filing a Chapter 7 petition, the debtors owned a 1979 Chevrolet pickup truck, vehicle No. CCS349Z148479, and a 1974 Ford pickup truck, vehicle No. F10HKT11542. The pickup trucks were purchased in Colorado and certificates of title were issued by the State of Colorado. Nepco Federal Credit Union ("Nepco") held liens on both vehicles which were noted on each of the Colorado certificates of title in the amount of $11,191.50.

Subsequently, the debtors moved from Colorado to South Dakota. The 1979 pickup truck was registered in South Dakota and the South Dakota Department of Public Safety issued a certificate of title on the vehicle. The lien of Nepco was noted on the certificate of title by the Department of Public Safety by insertion of the computer code "110" in the space provided for amount of lien on the face of the title.

At the time of filing the bankruptcy petition, the debtors had not applied for a certificate of title for the 1974 pickup truck. The vehicle had been in South Dakota in excess of ninety (90) days.

On March 12, 1982, the debtors entered into a reaffirmation agreement on the two vehicles with Nepco. The Court approved the reaffirmation agreement on March 24, 1982, at the time of the debtors' discharge hearing. The trustee appeared at the discharge hearing to orally object to the approval of the reaffirmation agreement.

The trustee filed complaints against Nepco on May 24, 1982, to determine the validity, priority, and extent of liens on the 1979 pickup truck and the 1974 pickup truck. A pre-trial conference was held before the Court on June 22, 1982, and the matters submitted to the Court.

This case presents two issues: whether the notation of a lien on a motor vehicle certificate of title in a coded amount is sufficient to perfect a security interest and whether the debtors' failure to obtain a new certificate of title after moving into a state invalidates the lien perfected in the state from which the debtors moved.

■ The 1979 pickup truck securing Nepco's lien was originally titled in Colorado. It was titled in South Dakota after the debtors moved into the state from Colorado. The trustee argues that because the certificate of title issued by the South Dakota Department of Public Safety used a coded entry of "110" in the blank entitled "amount" on the face of the title instead of an actual dollar amount of the lien, Nepco's lien is perfected only in the amount of $110. The Court finds the trustee's argument unpersuasive.

Notation of a lien on a certificate of title is for the purpose of putting any party on notice that a prior encumbrance exists. South Dakota law requires that a lien be noted on the face of the certificate of title for the lien to be valid against a subsequent claimant. South Dakota Codified Laws 32–3–41 (1976 Rev.). There is no requirement under statute specifying what lien information must be set forth on the title, but only that the Secretary of the Department of Public Safety may set the standards for lien notation. S.D.C.L. 32–3–55. In the instant case, Nepco's name and address were noted on the certificate of title issued for the

debtors' 1979 pickup truck by the South Dakota Department of Public Safety. Instead of a dollar amount of lien, the Department inserted a computer code. The lien information on the certificate of title provided notice of the existence of a lien. The trustee does not contest that he had notice of the encumbrance and could prudently investigate the amount of such lien. There is no requirement under South Dakota law that the dollar amount of a lien be noted on the title nor is there any prohibition against using a computer code. Therefore, the Court concludes that Nepco has a validly perfected security interest in the 1979 Chevrolet pickup truck.

■ In the second matter before the Court, the trustee seeks to invalidate Nepco's lien on the debtors' 1974 Ford pickup truck on the basis that the debtors did not obtain a South Dakota certificate of title within ninety (90) days of bringing the vehicle into the state. While the uncontroverted facts support the trustee's contention that no South Dakota title had been issued on the 1974 pickup within ninety (90) days of the vehicle being brought into the state, the law does not support the conclusion that Nepco's lien is therefore invalidated.

S.D.C.L. 32–3–5 prohibits a person from bringing into this state and using a motor vehicle in excess of ninety (90) days unless that person obtains a South Dakota title certificate. There is no requirement that a lienholder obtain the certificate and no penalty is imposed on the lienholder if the debtor does not comply with S.D.C.L. 32–3–5. The person operating the vehicle in South Dakota without obtaining the required certificate of title is the one penalized. S.D.C.L. 32–3–12 (Supp.1978). The trustee does not contest the fact that Nepco has a valid lien noted on the Colorado certificate of title. Since the debtors have not obtained a South Dakota certificate of title, the Court concludes that Nepco's lien on the 1974 Ford pickup perfected under Colorado law remains valid.

Based on the foregoing, the reaffirmation agreement between the debtors and the Nepco Federal Credit Union as secured creditor on the 1979 and 1974 pickup trucks is approved. This Memorandum Decision shall constitute Findings of Fact and Conclusions of Law. Counsel for Nepco shall provide an appropriate order within ten (10) days.