**In re: Jason Ray DAVIS and Linda Kay Davis, d/b/a Bar D Bar Ranch, a sole proprietorship.**

**Bankruptcy No. 384–00048.**

United States Bankruptcy Court, D. South Dakota.

Feb. 7, 1985.

352

Max A. Gors, Gors, Braun & Carlon, Pierre, S.D., for debtors Jason Ray Davis and Linda Kay Davis, d/b/a Bar D Bar Ranch, a sole proprietorship.

Brent A. Wilbur, May, Adam, Gerdes & Thompson, Pierre, S.D., for Secured Creditor BankWest, N.A., Pierre, S.D.

PEDER K. ECKER, Bankruptcy Judge.

In a previous action in this case, the Court found that the debtors' machinery and hay seized, held, but not disposed of on the date the instant bankruptcy petition was filed were owned by the debtors, were property of the bankruptcy estate, and must be turned over to the debtors. The Court further provided that the bank would retain its lien and remain a secured creditor. *In re Davis,* 40 B.R. 934 (Bkrtcy.D.S. D.1984).

In a subsequent proceeding, the parties informed the Court that titled vehicles were also involved in the turnover action. The question now before the Court is whether possession of these vehicles by the bank was sufficient to perfect its security interest in them and entitle it to now retain a lien. This Court holds that it was not sufficient.

■ Perfection of a security interest in a motor vehicle must be accomplished in South Dakota by notation on the certificate of title in accordance with the provisions of S.D.C.L. § 32–3–28. Although under the Uniform Commercial Code possession is almost always an act of perfection, motor vehicles are specifically excluded from the scope of Article 9 of the Code, S.D.C.L. § 57A–9–302(3)(b). This Court is convinced that a fair reading of these statutes indicates that notation on the certificate of title was intended to be the exclusive method of perfecting a security interest in a motor vehicle under South Dakota law. *See also,* Note, *Certificate of Title Legislation & The Uniform Commercial Code,* 24 S.D.L. Rev. 395 (1979).

The bank did not note its security interest on the certificates of title in this case, and, therefore, its interest is unperfected and the bank has no lien to retain. Bankruptcy Courts in other jurisdictions faced with similar statutes and fact situations have reached similar conclusions. *See, e.g., In re Trim-Lean Meat Products, Inc.,* 5 B.R. 190 (Bkrtcy.D.Del.1980); *In re Buckley,* 5 B.R. 503 (Bkrtcy.D.Minn.1980).

Based on the foregoing, counsel for the debtors is directed to submit findings of fact and conclusions of law, not inconsistent with this letter decision, pursuant to Bankr.R.P. 7052 and 9014 and F.R.Civ.P. 52, and draft an appropriate order and judgment in accordance with Bankr.R.P. 9021.