### In re Donald Leigh DOYEN and Carolyn Ruth Doyen, Debtors.

### Bankruptcy No. 585–00104.

United States Bankruptcy Court, D. South Dakota.

Jan. 13, 1986.

Ronald E. Brodowicz, Rapid City, S.D., for movant Ernest Schleuning, III.

Doyle D. Estes, Rapid City, S.D., trustee for the Bankruptcy Estate of Donald Leigh Doyen and Carolyn Ruth Doyen.

Harry W. Christianson, Rapid City, S.D., for trustee Doyle D. Estes.

John M. Fousek, Rapid City, S.D., for debtors Donald Leigh Doyen and Carolyn Ruth Doyen.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

Creditor Ernest Schleuning III sold a 1977 Peterbilt truck tractor to Debtors Donald and Carolyn Doyen pursuant to an agreement executed May 24, 1985. The agreement granted a security interest to Schleuning in the truck. During the week of May 27, 1985, Schleuning took the certificate of title and the agreement to the Pennington County Register of Deeds to have the lien noted on the title. The Register of Deeds did not accept the documents

---

for filing because Schleuning had made a mistake in filling out the title document, listing International Harvester Credit Corporation, the previous lienholder, as the current lienholder. Schleuning then obtained an affidavit from International Harvester Credit Corporation stating that the lien had been discharged and should no longer be noted on the title for their benefit. Schleuning's mother took the affidavit, the certificate of title, and the agreement to the Register of Deeds for filing. The testimony at the hearing on November 18, 1985, indicated that the Register of Deeds performed her duties in accordance with the law and forwarded the documents to the Department of Revenue, Division of Motor Vehicles, in Pierre, South Dakota. A new certificate of title was mailed to the debtors in June of 1985. The new certificate of title did not note Schleuning's lien. The debtors, upon receipt of the envelope containing the title, under the assumption that the document was merely a license plate renewal certificate, filed the envelope with other documents unopened.

The debtors filed a voluntary petition in bankruptcy on August 14, 1985. After Schleuning received the notice of the bankruptcy filing dated August 20, 1985, he made inquiry of the debtors about how they intended to treat his security interest in the truck. At this time, he learned that his lien on the truck had not been noted on the title. He discussed the situation with the debtors, and they subsequently assigned the title to Schleuning and surrendered possession of the truck to him. Schleuning currently has title and possession of the truck. When the trustee attempted to recover the truck for the estate, Schleuning resisted and filed the instant motions for determination of secured status and for relief from stay or adequate protection. Counsel made oral arguments and submitted briefs.

The issue is whether the creditor, Schleuning, is entitled to an equitable lien in the truck, which would defeat the interest of the trustee, because his lien was mistakenly omitted on the certificate of title.

■ After careful consideration of all the files, arguments of counsel, and relevant case law, this Court holds that the creditor is not entitled to an equitable lien even though his lien was mistakenly omitted on the certificate of title.

In South Dakota, perfection of a security interest in a motor vehicle must be accomplished by notation on the certificate of title in accordance with the provisions of S.D.C.L. § 32–3–28. A fair reading of South Dakota statutes indicates that the legislature intended notation on the title to be the exclusive method of perfection. *See* S.D.C.L. § 32–3–28; S.D.C.L. § 57A–9–302(3)(b); Note, *Certificate of Title Legislation & The Uniform Commercial Code,* 24 S.D.L.Rev. 395 (1979). The rationale for such a requirement is easily seen in the mobile nature of motor vehicles compared to some other forms of collateral. This Court has consistently held that a lien not noted on the title is unperfected. *See, e.g., In re Davis,* 57 B.R. 351 (Bkrtcy.D.S.D. 1985). South Dakota law further provides that an unperfected security interest is subordinate to the rights of a person who becomes a lien creditor without knowledge of the security interest and before it is perfected. The trustee in bankruptcy is one such lien creditor. S.D.C.L. § 57A–9–301; 11 U.S.C. § 544(a)(1); *In re Corsica Enterprises, Inc.,* 40 B.R. 769 (Bkrtcy.D.S.D. 1984). In the instant case, Schleuning's security interest is unperfected and, therefore, subordinate to the trustee's interest under the law.

■ Counsel for Schleuning argues, nevertheless, that his client is entitled to an equitable lien in this instance. The Court cannot agree. An equitable lien arises either from a written contract which shows an intention to charge some particular property with a debt or obligation or is implied and declared by a court of equity out of general considerations of right and justice as applied to the relations of the parties and the circumstances of their dealings. *Farmers & Merchants Bank v.*

*Commissioner of Internal Revenue,* 175 F.2d 846 (8th Cir.1949). The circumstances in the instant case do not warrant the granting of an equitable lien in favor of Schleuning for several reasons. First, this is not a case where the debtors have impeded attempts by the creditor to get a new certificate of title issued, nor is it a case where the debtors fraudulently or otherwise deliberately caused the omission of the security interest from the certificate of title. The debtors cooperated with Schleuning. The fact that they inadvertently filed away the unopened envelope containing the title does not rise to the level of interfering with Schleuning's right to perfect his interest. Second, Schleuning did not follow up on his initial filing to see if the notation had been made. The first inquiry he made concerning his interest was more than eleven weeks after he first went to the Office of the Register of Deeds and sometime after the debtors filed for bankruptcy. Finally, the intent of the motor vehicle laws requiring notation of liens on the title is clear. It is meant to be the exclusive method of perfection. For this Court to impress an equitable lien on the truck in the instant case would undermine the purpose of the statute and establish unsound precedent.

The Bankruptcy Court for the District of Utah considered a similar statute and set of facts in the case of *In re Solar Energy Sales & Service, Inc.,* 4 B.R. 364 (Bkrtcy.D. Utah 1980), and concluded:

"A strict standard of maximum effort on the part of the creditor in the particular circumstances of the case is required before the exception will be applied. The creditor must do all that he reasonably can do under the circumstances before he will be entitled to equitable relief."

*Id.* at 372.

The cases cited by counsel for Schleuning are distinguishable. *United States v. Harrison,* Adv. No. 580–0023 (Bkrtcy.D. S.D. Feb. 4, 1981), involved wholly different facts. In that case, there was an objection to discharge based on the debtor's failure to list a car as an asset on his schedules. All the parties agreed that the debtor did not have even an equitable interest in the car; it had been inadvertently registered in his name.

The question of the equitable lien in *In re Turley,* 17 B.R. 99 (Bkrtcy.D.S.D.1981), 705 F.2d 1024 (8th Cir.1983), was not litigated but was resolved by stipulation between the parties upon remand.

For these reasons, the Court finds the security interest of Schleuning to be unperfected and subordinate to the interest of the trustee in bankruptcy.

Accordingly, the above and foregoing Memorandum Decision constitutes the Court's Findings of Fact and Conclusions of Law in the above-entitled matter pursuant to Bankr.R.P. 7052 and 9014 and F.R. Civ.P. 52. Counsel for the trustee is directed to submit a proposed Order and Judgment, consistent with the Court's Findings of Fact and Conclusions of Law and in accordance with Bankr.R.P. 9021, to the Clerk of this Court.