In re Terryl W. HUYCK, Social Security No. 504–64–1576, and Deborah A. Huyck, Social Security No. 466–06–1434, Debtors.

A. Thomas POKELA, Trustee, Plaintiff,

v.

DAKOTAS UNITED METHODIST FEDERAL CREDIT UNION, Defendant.

Bankruptcy No. 94–40013.
Adv. No. 94–4008.

United States Bankruptcy Court,
D. South Dakota,
Southern Division.

May 20, 1994.

Lee Ann Pierce, Brookings, SD, for debtors.

A. Thomas Pokela, Sioux Falls, SD, for plaintiff and Chapter 7 Trustee.

Kent R. Cutler, Sioux Falls, SD, for defendant.

PEDER K. ECKER, Bankruptcy Judge.

The Chapter 7 Trustee, A. Thomas Pokela, has filed a Complaint by Trustee to Avoid Unprotected Security Interest in Personal Property, an adversary matter that requires a determination of the validity, priority, and extent of a creditor's lien in Debtors' automobile. An answer was filed by Sioux Falls Attorney Kent R. Cutler on behalf of Defendant Dakotas United Methodist Federal Credit Union [hereinafter "Credit Union"], and in lieu of the scheduled trial, the parties requested the matter come before the Court on a written stipulation of facts. This is a core proceeding under 28 U.S.C. § 157(b)(2). This letter decision constitutes Findings of Fact and Conclusions of Law as required by Federal Rule of Procedure 7052.

I.

In July 1993, the Credit Union repossessed Debtors' 1988 Pontiac Grand Am automobile (Vin # 1G2NE14U9JC725479), and on July 28, 1993, the South Dakota Department of Revenue, Division of Motor Vehicles, issued a Certificate of Title naming the Credit Union as owner of the automobile. Subsequently, the automobile was transferred back to Debtors, and Debtors commenced payments to the Credit Union pursuant to the transfer.[1] The parties never accomplished the necessary title transfer associated with this transaction, and so the Credit Union still appears on the title as the owner of record and does

1. Originally, the Credit Union answered the complaint by denying the automobile was ever transferred back to Debtors and, accordingly, also denied having to make (and, thus, failing to make) necessary changes to the vehicle's title.

not appear as a lien holder on the front of the title. On January 6, 1994, Debtors filed a Chapter 7 bankruptcy petition and disclosed on Schedule D of the petition that the Credit Union has a $7,365 claim against the automobile, which is valued at $3,500. Schedule C lists the automobile as exempt personal property pursuant to S.D.C.L. § 43–45–4.

The Trustee contends that the Credit Union's claimed interest in the vehicle is invalid: after the repossessed automobile was transferred back to Debtors, the Credit Union failed to make the accompanying title transfer and lien notation, and by virtue of 11 U.S.C. § 544,[2] their unperfected security interest is void. In contrast, the Credit Union argues the current certificate of title indicates it owns the vehicle, which is an interest superior to all others.

## II.

■ This Court has consistently held that, in South Dakota, a security interest in a motor vehicle is perfected by noting the certificate of title according to the provisions of S.D.C.L. § 32–3–28. *In re Davis*, 57 B.R. 351, 352 (Bankr.D.S.D.1985); *In re Peek*, 31 B.R. 30, 32 (Bankr.D.S.D.1983). The purpose of noting a lien on a certificate of title is to broadcast to the world that a prior encumbrance exists. *Id.* at 32. The legislature intended notation to be the exclusive method of perfection, presumably because of the mobile nature of motor vehicles as compared to other forms of collateral. *In re Doyen*, 56 B.R. 632, 633 (Bankr.D.S.D.1986). State law also provides that if a security interest is not perfected, the interest is subordinate to the rights of a person (like the trustee in bankruptcy) who, without knowledge of the unperfected security interest, becomes a lien creditor before perfection. *Id., citing* S.D.C.L. § 57A–9–301; 11 U.S.C. § 544(a)(1); *In re Corsica Enterprises, Inc.*, 40 B.R. 769 (Bankr.D.S.D.1984). In this case, no lien was noted on the certificate of title, therefore, the Credit Union's security interest in this vehicle is unperfected and, consequently, subordinate to the Trustee's interest under the law. But the Credit Union challenges the

complaint, not as a lien holder, but as the owner of record. Ownership is accomplished by following the state statutory requirements concerning title registration and transfers, therefore, it is appropriate to determine if they have been fully satisfied here.

■ Once the Credit Union repossessed Debtors' automobile and furnished satisfactory proof of ownership, it procured a certificate of title. A certificate of title is evidence or indicia of ownership. S.D.C.L. §§ 32–3–6, –11. Eventually, however, the parties made a new deal, and the vehicle was transferred back to Debtors. Thirty days thereafter, the Credit Union was required to deliver a certificate of title to Debtors, showing the new assignment and indicating the date of transfer. S.D.C.L. §§ 32–3–5, –7. No delivery was made, however. During this same time frame, Debtors were required to apply for a new certificate of title. S.D.C.L. § 32–3–26. *See also* S.D.C.L. § 32–3–27. No application was made. Despite these statutory omissions or delays, it is clear that the parties intended to restore the state of ownership in the 1988 Pontiac Grand Am to the time just prior to the July 1993 repossession, evidenced by the fact that the Credit Union physically transferred the vehicle back to Debtors in exchange for Debtors' new stream of payments, which, apparently, were made, received, and accepted. The real question, then, is how does Debtors' bankruptcy filing affect this pending, or incomplete title transfer.

For purposes of Title 32, South Dakota law defines an owner as any person having exclusive use of a motor vehicle, under a lease or otherwise, for more than thirty days; as between contract vendor and contract vendee, the term "owner" usually refers to the vendee, or a person having legal possession or title. S.D.C.L. § 32–3–1. Based on the intended result of this prepetition vehicle transfer and based on the statutory definition of owner, Debtors were entitled to a properly completed transfer of title, as contemplated by state law. Now, however, there is an

---

2. 11 U.S.C. § 544(b) provides:

The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under

applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

intervening bankruptcy petition, which requires the title be transferred to the Chapter 7 Trustee so that the title transfer process is complete and so that the automobile may be disposed of in a manner consistent with this bankruptcy proceeding.

Based on the foregoing discussion, judgment is granted to the Plaintiff Trustee, and the Court shall enter an appropriate order.