In re Douglas BERNSTEIN, Debtor.

Thomas J. Orr, Trustee, Plaintiff,

v.

Jayne Bernstein, Defendant.

Bankruptcy No. 00–51884 (SAS).
Adversary No. 00–5509 TS.

United States Bankruptcy Court,
D. New Jersey.

March 13, 2001.

Andrea Dobin, Sterns & Weinroth P.C., Trenton, NJ, for Plaintiff.

Bunce D. Atkinson, Atkinson & DeBartolo, Red Bank, NJ, for Defendant.

## MEMORANDUM OPINION

STEPHEN A. STRIPP, Bankruptcy Judge.

This is the court's decision on a motion by defendant Jayne Bernstein to dismiss the trustee's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to this adversary proceeding through Federal Rule of Bankruptcy Procedure 7012. The trustee opposes the motion. The issue is whether this action is barred by the statute of limitations in the New Jersey Uniform Fraudulent Transfer Act. The court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 151, and 157(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (H) and (O). This shall constitute the court's findings of fact and conclusions of law.

### FINDINGS OF FACT

Douglas Bernstein filed a petition for relief under chapter 7 of title 11, Unites States Code (the Bankruptcy Code) on February 24, 2000. At the time of the petition, he resided at 422 Alden Avenue, Westfield, New Jersey with his non-debtor spouse, Jayne Bernstein, the record owner of the property. On November 15, 2000, the trustee filed the complaint in this adversary proceeding against Jayne Bernstein seeking to avoid the transfer of the debtor's interest in the residence to her as fraudulent pursuant to the New Jersey Fraudulent Transfer Act, N.J.S.A. 25:2–20 et seq. (UFTA) and Bankruptcy Code section 544(b).

The debtor and his wife purchased the property on January 24, 1994 for the sum of $430,000.00. At the time of the purchase, the property became encumbered by a first mortgage in the amount of $250,000.00. The debtor incorporated a business known as D.P. Bears Management Co., Inc. on February 22, 1995. On January 22, 1996, the debtor transferred his interest in the property to Jayne Bernstein for no consideration. That transfer was allegedly effectuated as a result of the debtor's concern that his business losses would make his interest in the real property vulnerable to his creditors. Following the transfer, the business failed and has since ceased operations. The deed of the debtor's interest in the residence to Jayne Bernstein was recorded in the Office of the Union County Clerk on January 25, 1996, which was approximately four years and one month prior to the debtor's bankruptcy petition.

### CONCLUSIONS OF LAW

#### I.

In evaluating a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the court must accept as true all well-pleaded allegations in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Blaw Knox Retirement Income Plan v. White Consolidated Industries, Inc.*, 998 F.2d 1185, 1188 (3rd Cir.1993), cert. denied, *White Consolidated Industries, Inc. v. Pension Benefit Guaranty Corp.*, 510 U.S. 1042, 114 S.Ct. 687, 126 L.Ed.2d 655 (1994). *See also Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 809 (3rd Cir.1990). The United States Supreme Court has held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A complaint cannot be dismissed under Rule 12(b)(6) based on the judge's disbelief of the factual allegations. *See Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."

*Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

## II.

■ "The purpose of the Fraudulent Transfer Act, N.J.S.A. 25:2–20 to –34, is to prevent a debtor from placing his or her property beyond a creditor's reach." *Gilchinsky v. National Westminster Bank N.J.,* 159 N.J. 463, 475, 732 A.2d 482 (1999)(*citing In re Wintz Companies,* 230 B.R. 848, 859 (8th Cir. BAP 1999)). N.J.S.A. § 25:2–25 defines fraudulent transfers. It states:

A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

a. With actual intent to hinder, delay, or defraud any creditor of the debtor; or

b. Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

(1) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

(2) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they become due.

N.J.S.A. 25:2–25. There are, however, limits on the time creditors have to institute such an action. N.J.S.A. 25:2–31, "Extinguishment of cause of action," provides:

A cause of action with respect to a fraudulent transfer or obligation under this article is extinguished unless action is brought:

a. Under subsection a of R.S. 25:2–25, within four years after the transfer was made or the obligation was incurred

or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant;

b. Under subsection b. of R.S. 25:2–25 or subsection a. of R.S. 25:2–27, within four years after the transfer was made or the obligation was incurred,

. . . .

N.J.S.A. 25:2–31.

Defendant argues that this four-year statute of limitations had expired prior to the filing of the bankruptcy petition, and the trustee therefore has no cause of action under the UFTA and Bankruptcy Code section 544(b). In opposing the motion, the trustee relies on the case of *Gibbons v. First Fidelity Bank, N.A. (In re Princeton–New York Investors, Inc.),* 255 B.R. 366 (Bankr.D.N.J.2000) (*"Princeton III"*) in arguing that the statute of limitations has been severed from the UFTA and rendered inoperative in bankruptcy cases. The trustee contends that this allows the commencement of an action under the UFTA and Code section 544(b) irrespective of when the debtor made the transfer to the defendant. The only time constraint imposed, under the trustee's view, is that created by Code section 546(a), which requires the trustee to institute any avoidance actions within two years of the entry of the order for relief (i.e., the filing of the bankruptcy petition). Alternatively, the trustee argues that he may avoid any transfer of an interest of the debtor in property that is voidable under applicable state law by a creditor holding an unsecured claim as of the commencement of the case. Because at least one creditor extended credit to the debtor within one year of the petition date, the trustee argues that under N.J.S.A. 25:2–31(a) the cause of action was not extinguished as of the petition date.

The court's analysis must begin with a discussion of the trilogy of opinions in the case of *Princeton–New York Investors.* In *In re Princeton–New York Investors, Inc.,* 199 B.R. 285 (Bankr.D.N.J.1996) (*"Prince-*

*ton I* "), the chapter 11 trustee filed a complaint to avoid an alleged fraudulent transfer pursuant to Bankruptcy Code sections 544, 548 and the UFTA. The transfer in question occurred on November 14, 1990 and the bankruptcy petition was filed on August 12, 1994. *Id.* at 288–89. The four-year period under the UFTA expired on November 14, 1994. An avoidance action by the trustee was thereafter instituted on October 6, 1995. *Id.* at 289.

The defendants in *Princeton I* moved to dismiss the trustee's complaint for failure to state a claim because the trustee's right to bring such an action was, in their view, extinguished on or about November 14, 1994 pursuant to the UFTA. Both parties agreed that the cause of action instituted by the trustee existed as of the petition date—August 12, 1994. *Id.* at 293. The court posed the issue as "whether the Trustee was required by the state statute of repose to bring the present action on or before November 14, 1994 or whether the Trustee's Complaint, filed on October 6, 1995, was timely under section 544 of the United States Bankruptcy Code (the "Code"), as extended by section 546 or section 108 of the Code." [1] *Id.*

The court began by analyzing section 544(b) and the time limitations set forth in section 546. Section 544(b) does not specify the date upon which the transaction must be voidable. The case law, however, is clear that the appropriate date is the date of the filing of the petition. As the court in *In re Dry Wall Supply, Inc.* explained:

> [A]s long as the state law statute of limitations has not run before the debtor's filing for bankruptcy, the trustee can bring a fraudulent conveyance action as long as he complies with the provisions of § 546(a). A number of courts have adopted this view. See e.g., *Eisenberg v. Feiner (In re Ahead By A*

*Length, Inc.),* 100 B.R. 157, 164 (Bankr. S.D.N.Y. 1989)(to sue successfully under § 544(b), "the trustee must have commenced suit within two years of her appointment . . . on a cause of action which was viable under applicable law on the date that the bankruptcy petition was filed") . . . 111 B.R. 933, 936 (D.Colo.1990).

*Id.* at 294.

The court held that the avoidance action commenced on October 6, 1995 was timely, as it was commenced within the two-year statutory period of section 546(a) of the Code. In essence, the court held that the statute of limitations is preempted by federal bankruptcy law under the Supremacy Clause:

> This Court holds that the statute of repose at issue in the present case presents an obstacle to the objectives of Congress in enacting the Bankruptcy Code. The two-year period provided to trustees under § 546 is designed to give "the trustees some breathing room to determine what claims to assert under § 544." See Dry Wall Supply, 111 B.R. at 936. . . . This reprieve from the statute of limitations clock is especially important where the management of a business, in the period immediately prior to bankruptcy, may not have adequate incentives to bring lawsuits in a timely fashion where the recovery is remote in either time or certainty or the prospective benefits would accrue to creditors rather than shareholders . . . [additionally] there is no countervailing state interest which would outweigh the fulfillment of Congressional goals of maximizing the bankruptcy estate for the benefit of creditors.

*Id.* at 297.

Defendant appealed the bankruptcy court order to the district court, which

---

**1.** Although the *Princeton* trilogy of cases referred to N.J.S.A. 25:2–31 as a statute of repose rather than a statute of limitations, and considered the distinction to be significant, the New Jersey Supreme Court has now referred to that section as a statute of limitations. *See SASCO 1997 NI, LLC v. Zudkewich,* 166 N.J. 579, 767 A.2d 469 (N.J.). This court will therefore refer to that section as a statute of limitations.

affirmed. *See In re Princeton–New York Investors, Inc.*, 219 B.R. 55 (D.N.J.1998) (*"Princeton II"*). The district court concluded that actions brought under Code section 544 are governed by section 546(a) which expands the time during which the trustee can exercise avoidance rights, so long as the state statute of limitations has not run prior to the bankruptcy petition. *Id.* at 64–65. *See also In re Buildings By Jamie, Inc.*, 230 B.R. 36, 45 (Bankr.D.N.J. 1998).

■ Based on the first two *Princeton* opinions and *In re Buildings By Jamie*, the instant matter is easily distinguishable. In those cases, the four-year statute of limitations had not expired as of the filing of the bankruptcy petition, and the trustee was afforded two additional years to file an avoidance action from the date of the petition under Code section 546. Here, however, the four-year statute of limitations had expired a month *before* the petition was filed.

At the core of the trustee's argument in this regard, however, is *In re Princeton–New York Investors, Inc.*, 255 B.R. 366 (Bankr.D.N.J.2000) (*"Princeton III"*). After the decisions in *Princeton I* and *Princeton II*, the defendant made another motion seeking dismissal on the grounds that the statute of limitations, N.J.S.A. 25:2–31, which was preempted by Code section 546, may not be severed from the remainder of the UFTA. The defendant maintained that because "this Court's prior ruling renders the UFTA inoperative, there is no basis under New Jersey law to avoid the alleged transaction under 11 U.S.C. § 544." *Id.* at 371. The court denied the second motion to dismiss, holding that the statute of limitations is severable from the remaining provisions of the UFTA. As such, the remainder of the statute could be invoked by the trustee under Code section 544(b). The trustee argues that *Princeton III* held that the statute of limitations of N.J.S.A. 25:2–31 must always be severed and thus rendered inoperable in bankruptcy proceedings.

Based on the trustee's view, the removal of N.J.S.A. § 25:2–31 from the UFTA would allow the trustee to prosecute this action irrespective of when the debtor made the fraudulent transfer. The only time constraint imposed under the trustee's view is that created by section 546 of the Code, which requires the trustee to institute any avoidance actions within two years of the entry of the order for relief.

The court disagrees with the trustee's reading of *Princeton III*. That case holds that the statute of limitations is severable from the UFTA once a petition in bankruptcy is filed *if* the statute of limitations had not expired prior to the bankruptcy petition. *Princeton III*, 255 B.R. at 375. Nothing in *Princeton III* negates the requirement that the statute of limitations must not have expired prior to the petition date. There is no cause of action under Code section 544(b), and hence no extension under Code section 546(a) of the time to sue, if the creditor in whose place the trustee stands under Code section 544(b) had no right to sue on the petition date because the cause of action had expired by then. The Code does not resurrect a cause of action which did not exist as of the petition date.

In this case, the alleged transfer took place on January 22, 1996. Debtor filed a chapter 7 petition on February 24, 2000. Because the four-year statute of limitations expired more than a month prior to the bankruptcy petition, the trustee is precluded from prosecuting the action, unless the one-year tolling provision of N.J.S.A. 25:2–31(a) applies.

### III.

The trustee argues in the alternative that even if the four-year statute of limitations expired before the bankruptcy petition was filed, he may still prosecute the action under the one-year tolling provision in the statute. N.J.S.A. 25:2–31(a) requires that an action to avoid a fraudulent transfer must be commenced within four years of the transfer "or, if later, within

one year after the transfer ... was or could reasonably have been discovered by the claimant . . . ."

On March 1, 2001, after the court reserved decision on this motion, the New Jersey Supreme Court issued its opinion in *SASCO 1997 NI, LLC v. Zudkewich*, 166 N.J. 579, 767 A.2d 469 (N.J.2001) In that case, defendant Arik Zudkewich guaranteed two loans in 1989. On May 1, 1990 he transferred his home to his wife for $1.00. The deed was recorded on May 8, 1990. The lender gave notice of default to the primary obligor in December 1994, and obtained judgment against Zudkewich in July 1997. In April 1998 the creditor sued to set aside the transfer of the home to Zudkewich's wife as fraudulent under the UFTA. The trial court dismissed that claim as untimely, and the Appellate Division affirmed.

The New Jersey Supreme court held that the four-year statute of limitations in N.J.S.A. 25:2–31(a) runs from the date of the transfer of the property, not from the date of the creditor's judgment against the debtor. *Id.* at 472–73. More importantly for our purposes, the court analyzed the one-year tolling provision in N.J.S.A. 25:2–31(a). The court held that the critical issue as to the one-year tolling provision is "when an objectively reasonable claimant would have discovered the transfer." *Id.* at 474. The court determined the issue by holding that "[i]n our view, a reasonable creditor would perform an asset search when the loan goes into default." *Id.* at 476. The creditor has one year from that point under the tolling provision to file an action under the UFTA. *Id.* at 476–77.

The court further held, however, that because the issue was one of first impression and the plaintiff had reasonably relied upon an industry practice of not obtaining an asset search until a judgment is entered, the rule which the court announced would only apply to conveyances after the date of its opinion and does not apply to that case. *Id.* at 478. Therefore, since the plaintiff SASCO had filed it action

under the UFTA within one year after its judgment against Zudkewich, the court held that its UFTA complaint was timely. *Id.*

■ Applying the holding in *SASCO v. Zudkewich* to this case, this court concludes as follows. Paragraph 20 of the complaint in this case alleges that "there is at least one unsecured creditor with a claim that arose within one year of the Petition Date . . . ." If that claim meets the criteria for the one-year tolling provision as articulated in *SASCO v. Zudkewich*, the trustee's complaint is timely under Code section 546(a) and case law thereunder. Although the actual creditor to whom the trustee refers must have had the ability to institute an action under the UFTA as of the petition date, *See* 5 COLLIER ON BANKRUPTCY ¶ 544.09 (L.King 15th ed. rev.2000)(assembling cases), the standard of review on a motion to dismiss under Rule 12(b)(6) prevents dismissal "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson, supra.* Since the trustee might be able to prove that the unsecured creditor referred to in his complaint could have availed himself of the one-year tolling provision under N.J.S.A. 25:2–31(a) to file a timely UFTA complaint as of the petition date, the defendant's motion to dismiss must be denied.

## IV. CONCLUSION

For these reasons, the defendant's motion to dismiss is denied. An order accompanies this opinion.