George W. **LEDFORD,** Chapter 13 Trustee, Plaintiff,

v.

**EASY LIVING FURNITURE,** Defendant.

In the Matter of Sarah Jean **JACKSON,** Debtor.

**Adv. No. 3–84–0388.**
**Bankruptcy No. 3–84–00195.**

United States Bankruptcy Court, S.D. Ohio W.D.

Sept. 3, 1985.

Ronald D. Keener, New Lebanon, Ohio, for defendant.

George W. Ledford, Englewood, Ohio, Chapter 13 Trustee.

Risa C. McCray, Dayton, Ohio, for debtor.

1. § 544. Trustee as lien creditor and as successor to certain creditors and purchasers.

## DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND SUSTAINING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

WILLIAM A. CLARK, Bankruptcy Judge.

### PROCEDURAL POSTURE

Plaintiff, The Chapter 13 Trustee in Bankruptcy, filed a complaint against defendant, Easy Living Furniture, requesting the court to find that under 11 U.S.C. § 544 and various provisions of the U.C.C., the trustee may avoid a purchase money security interest claimed by defendant in property of the debtor, Sarah Jean Jackson. Both parties have moved for summary judgment pursuant to BANKR. R. 7056 and FED.R. CIV.P. 56.

### FACTS

The following material facts do not appear to be in dispute:

1) In November of 1983 Sarah Jean Jackson purchased furniture from the defendant, who financed the purchase price and took a purchase money security interest in the furniture;

2) Defendant has never filed a financing statement regarding this transaction;

3) On February 3, 1984 Sarah Jean Jackson filed a petition in bankruptcy under the provisions of Chapter 13 of the Bankruptcy Code;

4) The Chapter 13 trustee asserts that he may avoid the purchase money security interest of defendant, Easy Living Furniture under the provisions of 11 U.S.C. § 544.

### CONCLUSIONS OF LAW

The issue is simply whether the trustee may avoid pursuant to 11 U.S.C. § 544 a purchase money security interest in furniture, when a financing statement has not been filed.[1]

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor,

11 U.S.C. § 544(a), the so-called "strong-arm" clause of the Bankruptcy Code, grants to the trustee broad powers, which enable him to defeat certain interests of parties in property of the bankruptcy estate. However, these powers are not without limit and they do not render the trustee omnipotent, capable of defeating any claimant to property of the estate. Instead, the trustee is able to assume three distinct postures, which place him in the role of a hypothetical judicial lien creditor, an unsatisfied execution creditor, or a bona fide purchaser of real property.

■ "While it is federal law which provides the trustee with his 'strong arm' powers, his exercise of those powers is controlled by the substantive law of the jurisdiction governing the property in question." *In re Roman Crest Fruit, Inc.*, 35 B.R. 939, 946 (Bankr.S.D.N.Y.1983). [See also, *In re Corsica Enterprise, Inc.*, 40 B.R. 769, 771 (Bankr.S.D.1984)]. Section 544 of the Bankruptcy Code does not bestow upon the trustee any greater rights than those accorded by applicable law to a creditor possessing the same status as the trustee. *In re Phillips*, 41 B.R. 148, 153 (Bankr.N.D.Oh.1984). "Thus, if under applicable state law a judgment lien creditor would prevail over an adverse claimant, the trustee in bankruptcy will prevail; if not, he will not." *Angeles Real Estate Co., v. Kerxton*, 737 F.2d 416 (4th Cir.1984).

The trustee admits that Easy Living Furniture was granted a valid purchase money security interest by the debtor as provided by OHIO REV. CODE § 1309.05 [U.C.C. § 9–107] and that the purchase money security interest "attached" to debtor's furniture pursuant to OHIO REV. CODE § 1309.14 [U.C.C. § 9–203]. There are, depending on the circumstances, four modes for perfecting a security interest: filing of a financing statement, possession of the collateral by the secured party, notation on a certificate of title, and automatic perfection.

When a security interest is a purchase money security interest *and* the collateral consists of consumer goods, OHIO REV. CODE § 1309.21(A)(4) [U.C.C. § 9–302(d)] specifically excuses a secured party from filing a financing statement. Although the non-filing of a financing statement results in the creation of a "secret lien," the drafters of the U.C.C. in providing for automatic perfection yielded to pre-Code practices (*See*, Official Comment No. 4 to U.C.C. § 9–302) and apparently to practical economic concerns. Once the security interest of Easy Living Furniture had attached and the provisions of OHIO REV.CODE § 1309.21 [U.C.C. § 9–302] were complied with in November of 1983, the purchase money security interest was perfected. OHIO REV. CODE § 1309.22(A) [U.C.C. § 9–303(1)]. It was and is valid against *almost* all subsequent claims.

OHIO REV. CODE § 1309.12 [U.C.C. § 9–201] describes the effectiveness of a security agreement.

Except as otherwise provided by [Chapter 1309 and other Chapters of the Ohio Revised Code], a security agreement is effective according to its terms between the parties, against purchasers of the collateral, and against creditors.

As a general rule, then, a security agreement, perfected or non-perfected, is effec-

---

the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, as judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

tive between the parties and defeats the interests of purchasers of the collateral and creditors. However, there are exceptions to the rule in certain situations, e.g. when a security interest has not been perfected or when the collateral has subsequently been purchased by protected buyers. *See,* Official Comment to U.C.C. § 9–201.

■ The trustee concedes that the defendant was not required to file a financing statement, but states in his memorandum (p. 5) that "This is true as long as no other creditor, including the perfect lien creditor—a bankruptcy trustee, or a buyer without knowledge of the security interest, for value, and for his own personal, family or household purposes enters on the scene." The trustee is partially correct. While the security interest of Easy Living Furniture was perfected without filing, it was vulnerable to a narrow class of buyers of goods.

In the case of consumer goods, a buyer takes free of a security interest even though perfected if he buys without knowledge of the security interest, for value, and for his own personal, family, or household purposes, unless prior to the purchase the secured party has filed a financing statement covering such goods. OHIO REV. CODE § 1309.26(C) [U.C.C. § 9–307(2)].

■ To protect itself against this type of buyer, the secured party in a purchase money transaction for consumer goods must file a financing statement. But in the instant proceeding, whether or not the secured party filed a financing statement is irrelevant. The trustee does not occupy the position of a bona fide purchaser of consumer goods for personal use under the provisions of § 544 of the Bankruptcy Code.

Notwithstanding this broad grant of power to the trustee, it is well settled that the trustee does not have the rights of a bona fide purchaser of personalty. (citations omitted) Moreover, subsections 544(a)(1) and 544(a)(2) do not specifically confer upon the trustee bona fide creditor status with respect to personal-

ty. This omission is underscored by the grant of such status to the trustee under subsection 544(a)(3) with regard to real estate. *In re Cosmopolitan Aviation Corp.,* 34 B.R. 592, 596 (Bankr.E.D.N.Y. 1983).

The remaining portion of the trustee's assertion, above, that a secured party must file a financing statement to protect its interest from any "other creditor, including the perfect lien creditor—a bankruptcy trustee ..." is simply incorrect. The trustee's interpretation would render the automatic perfection provisions for purchase money security interests a nullity and the secured party would be granted a security interest of little value. Against whom besides the debtor would the security interest of the secured party be perfected?

OHIO REV.CODE § 1309.20 [U.C.C. 9–301] describes those persons who take priority over unperfected security interests and defines the rights of lien creditors. It reads in part as follows:

(A) Except as otherwise provided in division (B) of this section, an unperfected security interest is subordinate to the rights of:

. . . .

(2) a person who becomes a lien creditor before the security interest is perfected:

. . . .

(B) If the secured party files with respect to a purchase money security interest before or within ten days after the debtor receives possession of the collateral he takes priority over the rights of a transferee in bulk or of a lien creditor which arise between the time the security interest attaches and the time of filing.

(C) A "lien creditor" means a creditor who has acquired a lien on the property involved by attachment, levy or the like and includes an assignee for benefit of creditors from the time of assignment, and a trustee in bankruptcy from the date of the filing of the petition or a receiver in equity from the time of appointment.

A perfected security interest prevails over a subsequent lien creditor. Elemental as this proposition is, the statute does not plainly state it. This basic tenet of the law of secured transactions is developed through a negative implication. Because Easy Living Furniture had a perfected security interest at the time of debtor's filing in bankruptcy, the trustee in bankruptcy, as a lien creditor, does not defeat the rights of Easy Living Furniture. This result is consonant with both a reading of the statute and policy considerations of commercial law.

The "underlying purposes and policies" of the Code, in permitting the perfecting under § 9–302(1)(d) of certain security interests in consumer goods without filing, would not be served by subordinating such perfected interests to those of an attaching creditor of a consumer-purchaser or his trustee in bankruptcy, as lien creditors. *National Shawmut Bank of Boston v. Vera,* 4 U.C.C. Rep. Serv. 1, 6–7 (Mass.1967).

■ At first blush paragraph (B) of OHIO REV. CODE § 1309.20 [U.C.C. § 9–301] may appear to require Easy Living Furniture to have filed a financing statement. Paragraph (B) refers simply to purchase money security interests and does not distinguish purchase money security interests subject to automatic perfection and those which require the filing of a financing statement for perfection. The logical reading of paragraph (B) is that it applies when a purchase money security interest is, in fact, required to be filed by other sections of Chapter 1309 of the Ohio Revised Code and not to those purchase money security interests which may be perfected automatically. The paragraph contains a grace period of 10 days so that intervening creditors may not cut off the secured party's security interest because of a short delay in filing a financing statement. To read paragraph (B) as constituting a requirement that a financing statement be filed in the case of a purchase money security interest for consumer goods, when the law otherwise excuses filing, makes the exemption from filing su-

perfluous. *Accord, Personal Thrift Plan of Perry, Inc. v. Georgia Power Co.,* 25 U.C.C. Rep.Serv. 310 (Ga.1978).

■ The trustee also refers the court to OHIO REV. CODE § 1309.31 [U.C.C. § 9–312], which deals with priorities among conflicting security interests in the same collateral. This section covers conflicts between conflicting *security interests* and does not provide for resolving a conflict between a security interest and a judicial lien creditor. That problem is treated by OHIO REV. CODE § 1309.20 [U.C.C. § 9–301], discussed above.

OHIO REV. CODE § 1301.01(KK) [U.C.C. 1–201(37) ] defines "security interest:"

"Security interest" means an interest in personal property or fixtures which secures payment or performance of an obligation.

This section proceeds to give more specific definition to the areas of reservation of title, accounts and chattel paper, and leases and consignments. A reading of the elaborate definition in the section strongly supports the inference that a "security interest" for purposes of Chapter 1309 of the Ohio Revised Code is consensual in nature and not created by nonconsensual arrangements.

Thus Article Nine applies to consensual security interests as well as to certain sales (often called assignments). It follows that the article does not apply to judgment liens, judicial liens, statutory liens and other forms of security that arise by operation of law rather than via agreement of the parties. WHITE AND SUMMERS, HANDBOOK OF THE LAW UNDER THE UNIFORM COMMERCIAL CODE § 22–2 (2nd ed. 1980). Unless the transaction is specifically excluded by section 9–104, Article 9 applies, according to section 9–102(1), to all consensual security interests in personal property and fixtures, and to sales of accounts, contract rights, and chattel paper. R. HENSON, HANDBOOK ON SECURED TRANSACTIONS UNDER THE UNIFORM COMMERCIAL CODE CHAPTER 3 (1973).

It appears to this court that this section of the law dealing with conflicting security interests pertains to the conflict between security interests created within the context of Article 9 of the U.C.C. Because 11 U.S.C. § 544 does not grant to the trustee in bankruptcy a "security interest" in personal property, the statute is inapplicable to the instant matter.

In summation, this court finds nothing to indicate that under Ohio law a lien creditor or an unsatisfied execution creditor may prevail over defendant's perfected security interest nor has the trustee supplied the court with any case law supporting his position. It is noted that the cases referred to by the trustee in his memorandum are not applicable to the present adversary proceeding. The security interest of Easy Living Furniture was perfected and the trustee does not fit into the limited class of individuals capable of taking free of a purchase money security interest.

For the foregoing reasons it is hereby ORDERED that plaintiff's motion for summary judgment is DENIED and defendant's motion for summary judgment is SUSTAINED AND JUDGMENT IS AWARDED TO DEFENDANT.