HANUSOSKY, on behalf of High Tech Aviation, Inc., et al.

v.

FIRSTMERIT BANK, N.A., et al. ▪

2002-Ohio-6269.]

Court of Common Pleas of Ohio,
Lake County.

No. 01CV000678.

Decided June 17, 2002.

**2**

Robert S. Belovich, for plaintiff.

Kenneth C. Baker and Matthew Harper, for defendant Crow Executive Air, Inc.

Phillip A. Lloyd and Timothy J. Puin, for defendant FirstMerit Bank, N.A.

EUGENE A. LUCCI, Judge.

## INTRODUCTION

{¶ 1} This matter came on for hearing on February 15, 2002, on the issues of the validity and priority of liens held by defendant Crow Executive Air, Inc. ("Crow Executive") and defendant FirstMerit Bank, N.A. ("First Merit") as against a 1971 Lear jet that was owned by plaintiff High Tech Aviation, Inc. ("High Tech") when the liens attached to the aircraft.

{¶ 2} For the following reasons, the court ruled on the record at the hearing that Crow Executive has a valid artisan's lien and that Crow Executive's artisan's lien has priority over First Merit's purchase money lien. However, because the parties required additional discovery, the precise amount of Crow Executive's artisan's lien was not determined on the date of the hearing.

{¶ 3} Subsequent to the hearing, the parties also filed the following documents relevant to the issues of lien validity and lien priority: (1) defendant First Merit's renewed motion for judgment with respect to lien priority, filed April 17, 2002; (2) motion of defendant First Merit for evidentiary hearing and oral argument on amount and priority of Crow Executive's lien, filed May 2, 2002; (3) defendant Crow Executive's memorandum in opposition to defendant First Merit's renewed motion for judgment with respect to lien priority, filed May 3, 2002; (4) motion of defendant First Merit to dismiss claims of Crow Executive for lack of subject-matter jurisdiction, filed May 8, 2002; (5) memorandum of law in support of motion of defendant First Merit to dismiss claims of Crow Executive for lack of subject-matter jurisdiction, filed May 8, 2002; (6) motion for leave to

file amended reply to joint counterclaim and cross-claim of defendant Crow Executive, filed May 9, 2002 (in which plaintiff sought to add a constitutional challenge to the interpretation of R.C. 1311.75 advanced by defendant Crow Executive); (7) defendant Crow Executive's response to defendant First Merit's motion for hearing and oral argument, filed May 20, 2002; (8) defendant Crow Executive's memorandum in opposition to plaintiff's motion for leave to file amended reply, filed May 20, 2002; (9) defendant Crow Executive's memorandum in opposition to defendant First Merit's motion to dismiss, filed May 20, 2002; and (10) reply memorandum in support of motion of defendant First Merit to dismiss claims of Crow Executive for lack of subject-matter jurisdiction, filed May 30, 2002.

## FACTS

{¶ 4}  This case involves (1) First Merit's perfected purchase money security interest ("PMSI") in an aircraft that was purchased by High Tech, (2) Crow Executive's artisan's lien on the aircraft, which arose and was perfected subsequent to the perfection of First Merit's PMSI, and (3) the application of R.C. 1311.71 et seq., which became effective on April 16, 1993.

{¶ 5}  The parties have stipulated to the following facts.  In 1998, High Tech purchased a Lear jet.  First Merit loaned a sum of money to High Tech to finance the purchase and perfected its purchase money security interest by having the security agreement recorded with the Federal Aviation Administration ("FAA") in Oklahoma City, Oklahoma.  It is undisputed that First Merit did not "perform labor upon or furnish materials for an aircraft."  Therefore, First Merit's lien is not a lien that arises under R.C. 1311.72.

{¶ 6}  Subsequent to the purchase of the aircraft, and subsequent to the perfection of First Merit's lien, Crow Executive entered into a contract with High Tech. Under the contract, Crow Executive agreed to perform labor and to furnish materials for the aircraft.  Thereafter, High Tech failed to pay Crow Executive, and Crow Executive obtained judgment in Wood County, Ohio, for the amounts owed by High Tech to Crow Executive.  Crow Executive then perfected its artisan's lien by filing the appropriate affidavit with the FAA in Oklahoma City, Oklahoma.

## DISCUSSION

{¶ 7}  There were four issues before the court on the date of the hearing on February 15, 2002:

{¶ 8}  Did Crow Executive's artisan's lien arise under R.C. 1311.72?

{¶ 9} If Crow Executive's artisan's lien arose under R.C. 1311.72, is it valid under R.C. 1311.72(C) as against the PMSI lien held by First Merit?

{¶ 10} If Crow Executive's lien is valid, what is its priority under R.C. 1311.75 with respect to First Merit's previously perfected PMSI?

{¶ 11} If Crow Executive's lien is valid, what is the amount of that lien (excluding any claims that do not fit within the definition of labor or materials as set forth in R.C. 1311.71)?

{¶ 12} To the extent that Crow Executive's artisan's lien was based on labor performed by Crow Executive and materials furnished by Crow Executive for the aircraft, the court concludes that Crow Executive's artisan lien arose under R.C. 1311.72.

{¶ 13} Having determined that Crow Executive's lien arose under R.C. 1311.72, the court next addresses the question of whether—under R.C. 1311.72(C)—Crow Executive's lien is valid against First Merit's PMSI. R.C. 1311.72(C) states as follows:

{¶ 14} "A lien that arises under this section is *valid* against any person except a purchaser or encumbrancer who in good faith, without notice, and for value acquired rights prior to the recording of an affidavit for lien pursuant to section 1311.73 of the Revised Code." (Emphasis added.)

{¶ 15} The court notes that the general rule created by the statute provides that Crow Executive's lien is valid "against any person." The remaining language in subsection (C) carves out an exception, stating that such a lien is not valid against "a purchaser or encumbrancer who in good faith, without notice, and for value acquired rights prior to the recording of an affidavit for lien pursuant to section 1311.73 of the Revised Code."

{¶ 16} First Merit argues that its PMSI fits within the exception in subsection (C), and concludes that Crow Executive's lien is not valid against the PMSI. In making this argument, First Merit asserts that it is an "encumbrancer" as that term is used in subsection (C). For the following reasons, this court disagrees with that assertion.

{¶ 17} Although a related section of the statute defines the terms "aircraft," "labor," and "materials," it does not define the word "encumbrancer." Black's Law Dictionary[1] does not offer a definition of "encumbrance" or "encumbrancer," directing the reader instead to the term "incumbrance," which Blacks' defines to mean:

---

1. Black's Law Dictionary (4th Ed.1968) 620, 908.

{¶ 18}  "Any right to, or interest in, land which may subsist in another to the diminution of its value, but consistent with the passing of the fee.  A claim, *lien,* charge, or liability attached to and binding real property.  An incumbrance may be a mortgage; a judgment lien; an attachment; an inchoate right of dower; *a mechanic's lien;* a lease; restriction in deed; encroachment of a building; an easement or right of way; accrued and unpaid taxes; the statutory right of redemption.  *The term 'incumbrance' is sometimes used to denote a burden or charge on personal property* as e.g. a chattel mortgage on a stock of goods."  (Citations omitted and emphasis added.)

{¶ 19}  A similar definition of "encumbrancer" is found in A Dictionary of Modern Legal Usage,[2] which states:

{¶ 20}  "[E]ncumbrancer (= a person who holds an encumbrance) is a slightly archaic word that can often be replaced by *lienholder.*  (See **lienor.**)  A variant spelling to be avoided is *incumbrancer."*

{¶ 21}  It is the opinion of this court that the plain meaning of the term "encumbrancer" refers to the holder of a lien—chiefly, a lien that attaches to real estate.  However, aircraft are personalty.  Accordingly, it is also the opinion of this court that when the General Assembly used the term "encumbrancer" in R.C. 1311.72(C), it did not intend to use the plain and ordinary meaning of the term.  The court concludes that the General Assembly used the term "encumbrancer" in R.C. 1311.72(C) in a special sense to protect purchase money lenders from unknown, unperfected artisan's liens that arise prior to the recording of the lender's PMSI but which are not perfected until after the recording of the PMSI.

{¶ 22}  In this case, however, the artisan's lien arose *after* the PMSI was perfected.  Therefore, the court is of the opinion that R.C. 1311.72(C) is inapplicable to the facts in this case.

■  {¶ 23}  Having determined that Crow's artisan's lien is valid as against First Merit's PMSI, the court then turns to the priority issue.  R.C. 1311.75 states:

{¶ 24}  "A lien claimant who perfects a lien in accordance with Section 1311.73 of the Revised Code has priority over all other liens, claims, or encumbrances, except wage and salary claims of workers * * * and amounts that are owed by the lien claimant to the aircraft owner that are subject to setoff against the amounts due for labor and materials that are the basis for the lien."

{¶ 25}  First Merit's claim does not fall within either of the two exceptions (i.e., wage and salary claims or setoffs).  Therefore, under R.C. 1311.75, since

---

**2.**  A Dictionary of Modern Legal Usage (2d Ed.1995) 314.

Crow Executive perfected its lien in accordance with R.C. 1311.73, Crow Executive's lien has priority over First Merit's lien, claim, or encumbrance. Had the General Assembly intended to give priority to a purchase money secured party under these circumstances, it could have simply said so. The General Assembly did not except purchase money security interests from the super priority given to lien claimants in R.C. 1311.75.

{¶ 26} The court next turns to the proper amount of the artisan's lien that would be validly created under R.C. 1311.72 et seq. As defined in the statute, "labor" means to repair, service, store, or maintain an aircraft. First Merit has challenged the amount of the artisan's lien, and the parties have requested a ruling from the court as to the priority basis of the respective liens, so that they may determine whether to engage in discovery as to which services are included within the definition set forth in R.C. 1311.71. Therefore, the court does not address that issue at this time.

{¶ 27} Defendant First Merit asserts in its "renewed motion for judgment with respect to lien priority" that the issue of lien priority in this case is governed by R.C. 1309.324 (UCC 9–324), "priority of purchase money security interests." The court disagrees. The statute cited by First Merit is the more general statute. R.C. 1311.72 et seq. is specifically addressed to the issue of the priority of lien rights held by persons who perform labor upon or furnish materials for aircraft. The more specific statute controls.

## CONCLUSIONS AND RULINGS

{¶ 28} For the foregoing reasons, the court finds that Crow Executive's artisan's lien is valid against the purchase money security interest of First Merit, and that Crow's lien has priority over First Merit's purchase money security interest, but only to the extent that Crow's lien is for labor and materials as those terms are defined in R.C. 1311.71.

{¶ 29} Defendant First Merit's motion for evidentiary hearing and oral argument on amount and priority of Crow's lien is hereby granted in part. This case shall be set for hearing on the amount of the claimed lien by Crow Executive on a date to be set by the court.

{¶ 30} Defendant First Merit's motion to dismiss for lack of subject-matter jurisdiction is denied.

{¶ 31} Plaintiff's motion for leave to file amended reply to joint counterclaim and cross-claim of defendant Crow Executive Air, Inc. is denied.

{¶ 32} IT IS SO ORDERED.

Judgment accordingly.