**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 05a0063n.06**
**Filed: January 26, 2005**

**No. 03-3921**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JULLIE QUINN-HUNT, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellant,* | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| v. | ) | DISTRICT OF OHIO |
| | ) | |
| BENNETT ENTERPRISES, INC., dba | ) | **O P I N I O N** |
| HOLIDAY INN EXPRESS; MARY HELGE, | ) | |
| | ) | |
| *Defendants-Appellees.* | ) | |
| | ) | |

**BEFORE:** **NELSON, COLE, Circuit Judges, SARGUS, District Judge**[*]

**R. GUY COLE, JR., Circuit Judge**. Plaintiff-Appellant Jullie Quinn-Hunt appeals the district court's dismissal of her employment discrimination claims against Defendant-Appellee Bennett Enterprises. Quinn-Hunt argues that the district court erred in dismissing her complaint as time-barred under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, because her complaint should have been construed as also stating a claim under 42 U.S.C. § 1981, under which the statute of limitations had not yet expired. In addition, Quinn-Hunt argues that the court erred in granting summary judgment to Bennett Enterprises based on a ruling that Quinn-Hunt's misappropriation of confidential documents barred all potential recovery. Because we agree with

---

[*]Judge Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

both of these contentions, we **REVERSE** the judgment of the district court and **REMAND** for proceedings consistent with this opinion.

## I.  BACKGROUND

Jullie Quinn-Hunt worked as a night auditor and a temporary manager-on-duty at the Holiday Inn Express in Perrysburg, Ohio.  Management at the Holiday Inn Express disciplined Quinn-Hunt on numerous occasions for arriving late to work, sleeping on the job, and conducting personal business on company time.  Management gave Quinn-Hunt six written warnings and one three-day suspension.  On at least nine occasions, management chose not to impose formal discipline.  Finally, in March 2000, General Manager Mary Helge discharged Quinn-Hunt for "many infractions, including the 2 hour delay in reporting to work on 3/25/00."

After discharging Quinn-Hunt, Bennett Enterprises learned that Quinn-Hunt had taken approximately 500 confidential documents from employment files and made copies for her own use.  These documents included other employees' performance evaluations and time cards.

On April 13, 2001, Quinn-Hunt filed a complaint in the Lucas County Common Pleas Court alleging "race discrimination in employment."  The case was removed to the United States District Court for the Northern District of Ohio.  On February 22, 2002, the district court granted Quinn-Hunt's request for dismissal without prejudice.  Quinn-Hunt then refiled her case on March 15, 2002, and the defendants again removed the case to district court.  Defendants filed a motion for summary judgment, arguing that plaintiff's claim was not filed within 90 days of her receipt of her EEOC right to sue letter, that her misappropriation of confidential documents barred recovery, that she had not presented admissible evidence to support her claims, and that Mary Helge could not be

held liable under Title VII. The court granted the defendants' motion to dismiss on the grounds that

Quinn-Hunt's complaint was untimely, expressly declining to construe her complaint as stating a

claim under 42 U.S.C. § 1981. In addition, the court held that Quinn-Hunt's misappropriation of

confidential documents barred her ability to recover. The court did not address defendants' other

arguments.

## II. ANALYSIS

### A. Standard of Review

We review a district court's grant of summary judgment *de novo*. *Smith v. Ameritech*, 129

F.3d 857, 863 (6th Cir. 1997).

### B. The district court erred in refusing to construe Quinn-Hunt's complaint as stating a claim under section 1981.

The district court erred in refusing to construe Quinn-Hunt's complaint as stating a claim

under 42 U.S.C. § 1981 in addition to stating a claim under Title VII.

The Federal Rules of Civil Procedure contain liberal pleading requirements. Rule 8(a)

requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

R. Civ. P. 8(a). Rule 8(e) provides that "[n]o technical forms of pleading . . . are required." Fed.

R. Civ. P. 8(e). "The failure in a complaint to cite a statute, or to cite the correct one, in no way

affects the merits of the claim. Factual allegations alone are what matters." *Albert v. Carovano*, 851

F.2d 561, 571, n.3 (2d Cir. 1988); *accord Greene v. City of Memphis*, 535 F.2d 976, 978-79 (6th Cir.

1976) (holding failure to allege Section 1983 claim by name did not bar recovery under statute if

allegations and proof supported claim).

Quinn-Hunt's factual allegations were sufficient to support a claim under section 1981. Section 1981 provides a federal remedy for race-based discrimination in private employment. *See Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 459-60 (1975). The complaint alleged discharge without cause "because she was an African-American person"; intentional discrimination "for race" through discharge, discipline, and imposition of more severe discipline than imposed against white employees; lower wages "than . . . the whites, for comparable work"; discrimination in phone calls allowed; "generally enforced or failed to enforce their Rules, so as to prefer and favor the whites over the blacks"; "racially invidious intent"; and "favoritism for various white employees." The complaint did not cite either Title VII or § 1981. These allegations were sufficient to state a claim under § 1981 since they alleged discrimination in private employment on the basis of race.

Further, if Quinn-Hunt's pleadings were sufficient to state a claim under Title VII, they were sufficient to state a claim under § 1981 because both statutes provide remedies for race discrimination in private employment. *Cf. Schurr v. Resorts Int'l Hotel, Inc.*, 196 F.3d 486, 499 (3d Cir. 1999) ("In the Third Circuit, the elements of employment discrimination under Title VII are identical to the elements of a section 1981 claim."). Since the purpose of the pleading requirements is to ensure that defendants have notice of the type of claims brought against them in order to properly order their defense, *see Conley v. Gibson*, 355 U.S. 41, 47 (1957), and since the same set of operative facts leads to claims under both of these statutes, defendants were properly on notice as to the type of claim that they would be defending. Therefore, the court's failure to construe Quinn-Hunt's complaint as stating a claim under § 1981 when it construed the complaint as

sufficient to state a claim under Title VII was error and should be reversed.

**C. The district court erred in granting summary judgment to Bennett Enterpirses based on Quinn-Hunt's misappropriation of confidential documents.**

The district court relied on *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 362 (1995), to find that Bennett Enterprises's after-acquired evidence of Quinn-Hunt's misappropriation of confidential documents barred any recovery under anti-discrimination statutes. This finding was erroneous. In *McKennon*, the Supreme Court held that an absolute rule barring all recovery of backpay, where an employer later discovered evidence which would have justified dismissal, would be inappropriate because it would undermine the intent of anti-discrimination laws. *McKennon*, 513 U.S. at 362. The Court determined that the appropriate measure of backpay, in these circumstances, "should be a calculation . . . from the date of the unlawful discharge to the date the new information was discovered." *Id.* In so holding, the *McKennon* Court emphasized the importance of "forcing employers to consider and examine their motivations, and of penalizing them for employment decisions that spring from . . . discrimination." *Id.* However, the *McKennon* Court also noted, in dictum, that a court may consider "extraordinary equitable circumstances that affect the legitimate interests of either party" when determining the appropriate award. *Id.*

In this case, the district court found that Quinn-Hunt's misappropriation of confidential documents "standing alone, justifie[d] granting summary judgment in favor of the defendants." J.A. 335. However, since the court did not evaluate the harms caused by discrimination, the court could not have balanced these harms against Quinn-Hunt's misconduct in order to hold that extraordinary circumstances barred all relief. As noted above, the Supreme Court has made clear that an award

of backpay is ordinarily appropriate even where an employer later discovers wrongdoing which would have justified dismissal. This is justified, in part, by a Congressional intent to penalize employers for employment decisions "that spring from discrimination." *McKennon*, 513 U.S. at 362.

Bennett Enterprises did not know that Quinn-Hunt misappropriated documents when it made the decision to terminate her employment. The misappropriation did not, therefore, provide conclusive evidence that race was not a motivating factor behind the employment decisions. In fact, the misappropriation could not have affected the actual decision at all because management was not aware of it at the time of discharge. Since the district court did not evaluate and consider Bennett Enterprises's alleged discriminatory conduct, the court could not have determined that it was outweighed by Quinn-Hunt's misconduct. Since awards of backpay are justified, in part, by Congress's desire to penalize employers for discriminatory conduct, the court must consider the discriminatory conduct and weigh it against the employee's misconduct in order to determine a fair damage award, instead of merely assuming that the misconduct automatically bars an award of backpay.

### III. CONCLUSION

For the reasons stated above, we **REVERSE** the judgment of the district court and **REMAND** for proceedings consistent with this opinion.

**DAVID A. NELSON**, Circuit Judge, concurring in part and dissenting in part. I agree that the district court erred in refusing to construe Ms. Quinn-Hunt's complaint as stating a claim under § 1981. I am not persuaded, however, that the district court erred in finding that Ms. Quinn-Hunt's misappropriation of upwards of 500 documents from her co-workers' confidential personnel files barred any recovery of backpay.

It is true, as the opinion notes, that Bennett Enterprises did not know of the wholesale misappropriation of confidential personnel records when it made the decision to fire Ms. Quinn-Hunt. But in *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352 (1995), where the plaintiff had secretly copied several confidential documents bearing upon her employer's financial condition, the company was likewise unaware of the misappropriation at the time of the presumptively unlawful discharge. And although the Supreme Court was not willing to adopt an "absolute rule" that would automatically bar "any recovery of backpay" where there has been a post-discharge discovery of a misappropriation that would itself have resulted in discharge if discovered while the plaintiff was still employed, the Court made it crystal clear that the plaintiff in such a situation is not necessarily entitled to backpay, even with respect to the period ending upon discovery of the misappropriation. On the contrary, the *McKennon* Court declared, "[i]n determining the appropriate order for relief, the court *can* consider taking into further account extraordinary equitable circumstances . . . ." *Id*. at 362 (emphasis supplied).

In the case at bar Ms. Quinn-Hunt engaged in a truly extraordinary misappropriation of confidential personnel records. On top of that, she seems to have had extraordinary difficulty in getting to work on time. Under these circumstances, the district court presumably thought it would

be inequitable to award Quinn-Hunt any damages, even if the discharge was in fact based on

improper motives.[1]  I do not disagree with this assessment, and I would affirm the challenged

judgment on that basis.

---

[1]The district court was not entitled to assume that any misappropriation of confidential records would automatically bar an award of backpay, but I know of no reason to suppose that the court made such an assumption.  On remand, in any event, I believe that the court would be justified in finding explicitly that any improper discrimination was so outweighed by the employee's misconduct that an award of backpay would be inequitable.