**In re George L. McALMONT, Debtor.**

**Frederick M. Luper, Chapter 7 Trustee, Plaintiff,**

**v.**

**Guardian Finance Company, Defendant.**

**Bankruptcy No. 06–54122.
Adversary No. 07–2181.**

United States Bankruptcy Court, S.D. Ohio, Eastern Division, at Columbus.

March 28, 2008.

Kenneth M. Richards, Columbus, OH, for Plaintiff.

Brett R. Sheraw, Fisher Skrobot & Sheraw, LLC, Columbus, OH, for Defendant.

Donald E. Wood, Whitehall, OH, for Debtor.

### MEMORANDUM OPINION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

JOHN E. HOFFMAN, JR., Bankruptcy Judge.

## I. Introduction

This adversary proceeding is before the Court on: (i) the motion for summary judgment (Doc. 11) ("Motion") filed by the Chapter 7 trustee, Frederick M. Luper ("Trustee"); (ii) the response to the Motion (Doc. 12) ("Response") filed by Guardian Finance Company ("Guardian"); and (iii) the reply brief in support of the Motion (Doc. 13) ("Reply") filed by the Trustee.

By his complaint ("Complaint") (Doc. 1), the Trustee seeks to avoid Guardian's security interest in a motorcycle owned by the Chapter 7 debtor, George L. McAlmont ("Debtor"). Initially, the Trustee asserted that: (i) the notation of Guardian's security interest on the motorcycle's certificate of title constitutes a preferential transfer under § 547 of the Bankruptcy Code (Complaint, Count I); and (ii) Guardian's security interest is avoidable under § 544 (Complaint, Count II). By the Mo-

tion, however, the Trustee seeks summary judgment on Count II only.[1]

For the reasons explained below, the Court concludes that Guardian's security interest is not subject to avoidance under § 544. Accordingly, the Court denies the Motion and grants judgment in favor of Guardian on Count II of the Complaint.

## II. Jurisdiction

The Court has jurisdiction to determine this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the general order of reference entered in this district. This is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(A), (K) and (O).

## III. Factual and Procedural Background

The relevant facts are few and undisputed. Based on the parties' factual stipulations (Doc. 10), the Court finds as follows: On June 2, 2006, the Debtor purchased a 1998 Suzuki motorcycle from Ackers Inc., d/b/a ASK ("ASK"), under the terms and conditions of a retail installment contract ("Contract"). On the same day, the Debtor took possession of the motorcycle, and ASK assigned the Contract to Guardian, who is the current holder of the Contract. On July 1, 2006, a notation of Guardian's security interest was made on the Ohio certificate of title to the motorcycle.

On August 8, 2006 ("Petition Date"), the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. On May 18, 2007, the Trustee filed the Complaint.

## IV. Arguments of the Parties

The Trustee relies on § 1309.324(A) of the Ohio Revised Code, under which a purchase-money security interest in goods other than inventory or livestock has priority over a conflicting security interest if the purchase-money security interest was perfected when the debtor received possession of the collateral *or within 20 days thereafter.* He argues that because the notation of Guardian's security interest was placed on the certificate of title on the 29th day after the Debtor took possession of the motorcycle—outside the 20–day period referenced in § 1309.324(A)—Guardian's security interest was not perfected under Ohio law. Thus, the Trustee maintains that he may avoid the security interest under § 544.

In response, Guardian argues that § 1309.324(A) does not govern the perfection of a security interest in a motor vehicle. According to Guardian, perfection of a security interest in a motor vehicle is governed by Ohio's certificate of motor vehicle title law, under which any security agreement covering a security interest in a motor vehicle is valid against subsequent lienholders and creditors of a debtor if a valid notation of the agreement has been made on the certificate of title. Because a notation of its security interest was placed on the certificate of title, Guardian maintains that its interest was properly perfect-

---

1. In the Reply, the Trustee states that "[g]iven the facts that have been stipulated to since the filing of this adversary proceeding, the Trustee does not intend to pursue Count I if relief is denied under Count II." Reply at 2. Beyond this, the Trustee does not explain why he does not intend to pursue Count I. The Court, however, notes that, under the enabling-loan defense of 11 U.S.C. § 547(c)(3)(B), in bankruptcy cases—such as the Debtor's—commenced after the effective date of the relevant amendment made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), a trustee may not avoid as preferential a transfer that creates a security interest in property acquired by the debtor "that is perfected on or before 30 days after the debtor receives possession of such property[.]" As discussed below, the notation of Guardian's security interest was placed on the certificate of title on the 29th day after the Debtor took possession of the motorcycle and, thus, within the 30–day period referenced in amended § 547(c)(3)(B).

ed and is not subject to avoidance by the Trustee.

## V. Legal Analysis

### A. Summary Judgment Standard

Under Fed.R.Civ.P. 56(c), made applicable in this adversary proceeding by Fed. R. Bankr.P. 7056, summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Novak v. MetroHealth Med. Ctr.*, 503 F.3d 572, 577 (6th Cir.2007). In reviewing a motion for summary judgment, the Court views the evidence, all facts, and any inferences drawn therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Novak*, 503 F.3d at 577; *Skowronek v. Am. S.S. Co.*, 505 F.3d 482, 484 (6th Cir.2007) (the court "must draw all reasonable inferences in favor of the nonmoving party").

" '[A]s to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.' " *Niecko v. Emro Mktg. Co.*, 973 F.2d 1296, 1304 (6th Cir.1992) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). "Entry of summary judgment is appropriate 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will

bear the burden of proof at trial.' " *Novak*, 503 F.3d at 577 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)); *see also Ransier v. Standard Fed. Bank (In re Collins)*, 292 B.R. 842, 845 (Bankr. S.D.Ohio 2003).

Here, the parties agree, and the Court finds, that no genuine issue of material fact exists. Summary judgment, therefore, is appropriate.

### B. Guardian's Security Interest was Perfected Under Ohio Law.

The Trustee rests his § 544 cause of action entirely on the following premise: Guardian's security interest in the motorcycle "was not perfected under Ohio law[,]" Motion at 3, because the security interest "was not perfected within 20 days after Debtor took possession of the motorcycle." *Id.* This premise, however, is incorrect.

■■■ State law governs the means by which Guardian's security interest became perfected. *See, e.g., Brock v. Branch Banking & Trust Co. (In re Johnson)*, 380 B.R. 455, 460 (6th Cir. BAP 2007) (holding that state law governs perfection of security interest in motor vehicle). *See also Johnson v. Smith (In re Johnson)*, 501 F.3d 1163, 1175 (10th Cir.2007) (holding in context of security interest in a motor vehicle that "[s]tate law governs whether a property interest has been perfected"); *Rieser v. Randolph County Bank (In re Masters)*, 137 B.R. 254, 259 (Bankr. S.D.Ohio 1992) (same). An Ohio statutory provision entitled "Law governing perfection and priority of security interests in goods covered by a certificate of title" [2] states in pertinent part that:

---

2. The Debtor's motorcycle is covered by a certificate of title. In Ohio, the seller of a motor vehicle must assign a certificate of ti-

tle to the buyer, and the buyer must apply for and ultimately obtain a new certificate of title. *See* Ohio Rev.Code Ann. § 4505.03

The local law of the jurisdiction under whose certificate of title the goods are covered governs perfection, the effect of perfection or nonperfection, and the priority of a security interest in goods covered by a certificate of title from the time the goods become covered by the certificate of title until the goods cease to be covered by the certificate of title.

Ohio Rev.Code Ann. § 1309.303(C) (West 2008). The certificate of title to the Debtor's motorcycle is an Ohio certificate of title. Ohio law, therefore, governs perfection, the effect of perfection or nonperfection, and the priority of Guardian's security interest in the motorcycle. Under Ohio law, the filing of a financing statement does *not* result in the perfection of a security interest in goods—such as the Debtor's motorcycle—that are subject to Ohio's certificate of title statute. *See* Ohio Rev. Code Ann. § 1309.311(A). Instead, compliance with the requirements of Ohio's certificate of title statute "is equivalent to the filing of a financing statement[,]" and a security interest in a motor vehicle may be perfected only by complying with those requirements. Ohio Rev.Code Ann. § 1309.311(B). As explained below, Guardian complied with the requirements of Ohio's certificate of title statute.

■ Ohio's Certificate of Motor Vehicle Title Law is codified at Ohio Revised Code § 4505.01 through § 4505.99 ("Title Law").[3] Consistent with § 1309.311(A), the Title Law provides that Chapter 1309 does not permit or require the filing of a security interest in a motor vehicle (except while the vehicle is held as inventory for sale by a dealer). Ohio Rev.Code Ann. § 4505.13(A)(1). Section 4505.13(B) governs the perfection of a security interest in a motor vehicle. *See Rhiel v. Wells Fargo Fin. Acceptance (In re Fields)*, 351 B.R. 887, 890 (Bankr.S.D.Ohio 2006). Section 4505.13(B) provides, in pertinent part, as follows:

> Subject to division (A) of this section, any security agreement covering a security interest in a motor vehicle, *if a notation of the agreement has been made by a clerk of a court of common pleas on the face of the certificate of title* or the clerk has entered a notation of the agreement into the automated title processing system and a physical certificate of title for the motor vehicle has not been issued, is valid as against the creditors of the debtor, whether armed with process or not, and against subsequent purchasers, secured parties, and other lienholders or claimants....

Ohio Rev.Code Ann. § 4505.13(B) (empha-

(West 2008). To accomplish this, the dealer typically submits its certificate of title, together with its assignment of the title and the buyer's application for a new title, to a clerk of a court of common pleas. The application must include the names and addresses of the first and, if any, second lienholder. (Under the Certificate of Motor Vehicle Law, a "lien" is defined to include a "security interest in a motor vehicle." Ohio Rev.Code Ann. § 4505.01(A)(1).) Upon receiving the required paperwork, the clerk of court will enter the information provided in the application—including any information regarding security interests in the motor vehicle—into Ohio's automated title processing system.

The clerk of court will then issue a certificate of title to the holder of any security interest and a memorandum certificate of title to the new owner of the motor vehicle. By law, information in the automated title processing system is searchable by the public on the website of the Ohio Department of Public Safety, Ohio Bureau of Motor Vehicles at http://www.dps.state.oh.us/atps/.

**3.** The titling of off-highway motorcycles is governed by Ohio Revised Code § 4519.01 through § 4519.70. The Debtor's motorcycle, a Suzuki Intruder, is an on-highway motorcycle.

sis added).[4] The parties have stipulated that a notation of Guardian's lien was made on July 1, 2006, which was prior to the Petition Date. Guardian's lien, therefore, was perfected under Ohio law no later than July 1, 2006.

In support of his argument that Guardian's security interest was not perfected under Ohio law, the Trustee relies on § 1309.324(A), which states in pertinent part that "a perfected purchase money security interest in goods other than inventory or livestock has priority over a conflicting security interest in the same goods . . . if the purchase money security interest is perfected when the debtor receives possession of the collateral or within twenty days thereafter."[5] In the Reply, the Trustee states that he "is not asserting that the lien was not noted in accordance with the certificate of title statute, but that its timing makes it avoidable under Section 544 of the Bankruptcy Code" because the lien notation was made outside the 20–day period referenced in § 1309.324(A). Reply at 2. *See also* Reply at 1 (arguing that the Trustee may avoid Guardian's security interest because it "has not been perfected within the time provided for such perfection in Ohio Revised Code Section 1309.324"). Guardian responds by asserting that § 1309.324(A) does not apply here. *See* Response at 4. The Court need not decide, however, whether § 1309.324(A) applies in the context of competing security interests in a motor vehicle.[6] Because even if § 1309.324(A) did apply, the provision would not have the effect that the Trustee seeks here. The Trustee simply has not supported his argument with any case law or other authority. And the Court's independent research likewise reveals no support for the Trustee's position. The Court surmises that the Trustee may be arguing, implicitly, that § 1309.324(A) has essentially the same effect as the enabling-loan defense of 11 U.S.C. § 547(c)(3)(B). As explained below, however, the statutes are not even remotely similar in their operation.

Under the enabling-loan defense to preference avoidance, a trustee may not avoid as preferential a transfer that creates a security interest in property acquired by

---

**4.** Division (A) of Ohio Revised Code § 4505.13(A)(2) is not relevant here. It provides that Chapter 1309 "applies to a security interest in a motor vehicle held as inventory for sale by a dealer."

**5.** A lender's security interest in a motor vehicle sold to a consumer is a "purchase money security interest in goods." *See* Ohio Rev. Code Ann. § 1309.103(B) (defining "purchase-money security interest") and Ohio Rev.Code Ann. § 1309.102(A)(44)(a) (defining "goods"). In general, purchase-money security interests in consumer goods are perfected upon attachment. *See* Ohio Rev.Code Ann. § 1309.309(A). Such automatic perfection, however, does not apply to purchase-money security interests in consumer goods covered by a certificate of title. *See* Ohio Rev.Code Ann. § 1309.309(A); § 1309.311(A).

**6.** The Court notes, however, that § 4505.13(B), which specifically applies to motor vehicles, provides that security interests "entered into the automated title processing system in relation to a particular certificate of title, regardless of whether a physical certificate of title is issued, take priority *according to the order of time in which they are entered into the automated title processing system by the clerk.*" Ohio Rev.Code Ann. § 4505.13(B) (emphasis added). *See also Ledford v. Rikes (In re Fields)*, 56 B.R. 149, 151 (Bankr.S.D.Ohio 1985) (holding that security interests in motor vehicles are excluded from the requirements of the UCC rules of perfection regardless of whether the interests are purchase-money security interests). *Cf. Hanusosky v. FirstMerit Bank, N.A.*, 121 Ohio Misc.2d 1, 779 N.E.2d 1101, 1105 (Ohio Ct. Comm.Pl.2002) (holding that § 1309.324 does not apply to lien on aircraft because another statutory provision specifically addresses the issue of priority of aircraft liens).

the debtor "that is perfected on or before 30 days after the debtor receives possession of such property." 11 U.S.C. § 547(c)(3)(B). Prior to the enactment of BAPCPA, § 547(c)(3)(B) permitted perfection within 20 days after the debtor took possession of the property. Applying pre-amendment § 547(c)(3)(B), courts held that security interests perfected outside the 20–day period did not fall within the enabling-loan defense even if, under applicable state law, the perfection would have related back to a date that was prior to the expiration of the 20–day period. *See Fid. Fin. Servs., Inc. v. Fink,* 522 U.S. 211, 212–13, 118 S.Ct. 651, 139 L.Ed.2d 571 (1998) (holding that enabling-loan exception did not insulate transfer from avoidance as a preference because notation of creditor's lien on motor vehicle—and thus perfection—occurred outside of 20–day period referenced in pre-amendment § 547(c)(3)(B)); *Johnson,* 380 B.R. at 466–67 (same); *Luper v. United Bank, Inc. (In re Owens),* 294 B.R. 289, 293 (Bankr. S.D.Ohio 2003) (same). Under these authorities, if the secured party's interest was perfected outside of the 20–day period, the bankruptcy trustee could, if no other exception applied, avoid the interest as a preference.

■ By contrast, under § 1309.324(A), the holder of a conflicting security interest would have priority over a purchase-money security interest perfected outside the 20–day window only if the purchase-money security interest was perfected after the conflicting security interest became perfected. The Trustee seems to suggest that § 1309.324(A) imposes a deadline after which a purchase-money security interest can no longer be perfected. Section 1309.324(A), however, imposes no such deadline. Rather, § 1309.324(A) establishes a priority scheme under which a later-perfected purchase-money security interest in goods will sometimes have priority over an earlier-filed security interest. *See* 4 James J. White & Robert S. Summers, *Uniform Commercial Code* § 33–4 (5th ed. 2007) ("Section 9–324 grants priority to purchase money security interests over a *prior* conflicting security interest even though the purchase money security interest is *later* perfected; we sometimes call this a 'super priority.'"). Comment 3 to U.C.C. § 9–324 describes the 20–day period as a "grace period," not a deadline. U.C.C. § 9–324 cmt. 3 (2007). When the grace period runs, the race to perfect begins. If another party has already perfected during the grace period, that other party wins the race. If not, then nothing in § 1309.324(A) provides that the party with the purchase-money security interest loses the opportunity to perfect its interest merely because the 20–day period has passed.

The Trustee does not by virtue of the Debtor's bankruptcy filing have a conflicting security interest in the motorcycle. Instead, the Trustee has the status of a judicial lien creditor as of the Petition Date. *See Gonzales v. United States (In re Silver),* 305 B.R. 381 (table), 2004 WL 286742 at *9 (10th Cir. BAP 2004) (holding that trustee has standing of judicial lien creditor, not holder of security interest); *Ledford v. Easy Living Furniture (In re Jackson),* 52 B.R. 706, 711 (Bankr. S.D.Ohio 1985) (holding that UCC provision addressing priorities among conflicting security interests in the same collateral does not apply to dispute with trustee because trustee is a lien creditor, not a holder of a conflicting security interest). And "[a] security interest or agricultural lien is subordinate to the rights of . . . a person who becomes a lien creditor *before* . . . [t]he security interest or agricultural lien is perfected[,]" not *after* the security interest was perfected. Ohio Rev.Code Ann. § 1309.317(A)(2)(a) (emphasis added).

But here, the Trustee's interest as lien creditor did not arise until the Petition Date. *See* Ohio Rev.Code Ann. § 1309.102(52)(c) (defining "lien creditor" to include "[a] trustee in bankruptcy *from the date of the filing of the petition*") (emphasis added). The Petition Date occurred after Guardian's security interest was perfected by notation on the certificate of title. Section 1309.324(A), therefore, does not alter the unassailable conclusion that Guardian's security interest was perfected under Ohio law prior to the filing of the petition.

## C. The Security Interest is not Avoidable Under Section 544(a) of the Bankruptcy Code.

■ Despite the perfection of Guardian's security interest prior to the Petition Date, the Trustee nevertheless contends that he can avoid it under § 544.[7] Section 544(a) provides, in pertinent part, as follows:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commence-

ment of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists[.]

11 U.S.C. § 544(a)(1) and (2).[8] Under these provisions, a trustee obtains whatever rights and powers a hypothetical judicial lien creditor would have had at the time of the commencement of the debtor's bankruptcy case. *See, e.g., Rogan v. Bank One, Nat'l Ass'n (In re Cook)*, 457 F.3d 561, 564 (6th Cir.2006) ("[Section] 544(a)(1) grant[s] a bankruptcy trustee the status of a hypothetical lien creditor who is deemed to have perfected his interest *as of the date of the filing of the bankruptcy petition*." (emphasis added)); *In re Hurst*, 308 B.R. 298, 301 (Bankr.S.D.Ohio 2004) ("Under the 'strong arm' provisions of 11 U.S.C. § 544(a)(1), the Trustee stands in the shoes of a lien creditor *whose lien arose as of the petition date*." (emphasis added)).

The Trustee, therefore, would have had a cause of action under § 544(a) if the

---

7. Although Count II appears to be a request by the Trustee to exercise the strong-arm powers granted by § 544(a), he relies on § 544(b), not § 544(a). But "[t]he failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of the claim." *Quinn–Hunt v. Bennett Enters., Inc.*, 122 Fed.Appx. 205, 207 (6th Cir.2005) (internal quotation marks omitted); *see also, e.g., Phillips v. Grendahl*, 312 F.3d 357, 364 (8th Cir.2002) (same). The Court, therefore, will construe Count II to include § 544(a) as well as § 544(b) and will apply both subsections in analyzing the Trustee's arguments.

8. Under § 544(a)(3), the trustee has the rights of a bona fide purchaser of real property, but not the rights of a purchaser of personal property. *See, e.g., Placer Sav. & Loan Assoc. v. Walsh (In re Marino)*, 813 F.2d 1562, 1566 (9th Cir.1987); *Mostoller v. Citicapital Commercial Corp. (In re Stetson & Assoc., Inc.)*, 330 B.R. 613, 623 n. 10 (Bankr.E.D.Tenn. 2005); *Jackson*, 52 B.R. at 709; *Fields*, 56 B.R. at 151. Section 544(a)(3), therefore, does not apply here.

Debtor had filed his bankruptcy petition *before* the notation of Guardian's lien was placed on the certificate of title. *See Farmer v. LaSalle Bank (In re Morgan)*, 291 B.R. 795, 805 (Bankr.E.D.Tenn.2003) (holding that Chapter 7 trustee had priority over creditor whose security interest in motor vehicle was not noted on certificate of title as of the petition date); *Tidwell v. First Cmty. Bank of Georgia (In re Charley's Auto., Inc.)*, 2003 WL 21058331 at *2 (Bankr.M.D.Ga. May 8, 2003) (holding that trustee could avoid defendant's security interest in motor vehicle under § 544(a)(1) because it was not noted on the certificate of title as of the petition date); *Pokela v. Dakotas United Methodist Fed. Credit Union (In re Huyck)*, 167 B.R. 908, 910 (Bankr.D.S.D.1994) ("State law also provides that if a security interest is not perfected, the interest is subordinate to the rights of a person (like the trustee in bankruptcy) who, without knowledge of the unperfected security interest, becomes a lien creditor before perfection. In this case, no lien was noted on the certificate of title, therefore, the Credit Union's security interest in this vehicle is unperfected and, consequently, subordinate to the Trustee's interest under the law." (citations omitted)).

Unlike the debtors in *Morgan, Charley's Automotive* and *Huyck*, however, the Debtor filed his petition *after* the notation of Guardian's lien was placed on the certificate of title. And Guardian's properly perfected lien is not subordinate to the rights of a hypothetical lien creditor because "[a] perfected security interest prevails over a subsequent lien creditor[,]" such as the Trustee. *Jackson*, 52 B.R. at 710. *See also Johnson*, 380 B.R. at 475 (Latta, J., dissenting) ("If a lien is perfected under state law before a bankruptcy case is filed, it is perfected for purposes of the bankruptcy case. The Trustee's 'strong arm' powers under 11 U.S.C. § 544

do not permit the Trustee to avoid a lien perfected prior to the bankruptcy filing."); *Masters*, 137 B.R. at 259 ("[T]o defeat the trustee's status, a creditor must possess a perfected security interest on the date the debtor filed a bankruptcy petition."). Thus, Guardian's security interest is not subject to avoidance under § 544(a).

### D. The Security Interest is Not Avoidable Under Section 544(b) of the Bankruptcy Code.

Section 544(b)(1) of the Bankruptcy Code states as follows:

> [T]he trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

11 U.S.C. § 544(b)(1).

■ Under § 544(b)(1), "a trustee has the right to avoid any transfer of property of a debtor or any obligation incurred by a debtor that is voidable under applicable law by an unsecured creditor of the debtor." *Bash v. Sun Trust Banks, Inc. (In re Ohio Bus. Machines, Inc.)*, 356 B.R. 786 (table), 2007 WL 177941 at *4 (6th Cir. BAP 2007) (applying the Ohio Uniform Fraudulent Transfer Act). "[T]he trustee stands in the shoes of the debtor's unsecured creditors, but he acquires no greater rights of avoidance by operation of § 544(b) of the Bankruptcy Code than such creditors would themselves have under state law." *Rieser v. Reno (In re Douglas)*, 190 B.R. 831, 836 (Bankr. S.D.Ohio 1995) (citation omitted) (holding that, because unsecured creditors would not have had standing under applicable law to contest a forfeiture of the debtor's

property, the trustee could not use § 544(b) to avoid the forfeiture).

Under the foregoing authorities, a cause of action would lie in favor of the Trustee under § 544(b) only if there had been, as of the Petition Date, a creditor holding an unsecured claim who could have avoided Guardian's security interest under applicable law. The Trustee, however, points to no applicable law—and the Court is unaware of any—under which an unsecured creditor could have avoided Guardian's security interest as of the Petition Date, or any other date for that matter. The Trustee appears to rely on a nonexistent legal principle—that a trustee, standing in the shoes of unsecured creditors, can avoid a lien merely because the lien was at one time unperfected.

 Even if such a legal principle existed, it would not apply here. The relevant date for determining whether a transfer of property of the Debtor's estate may be avoided under § 544(b) is the Petition Date. *See Orr v. Bernstein (In re Bernstein)*, 259 B.R. 555, 558 (Bankr.D.N.J. 2001) ("Section 544(b) does not specify the date upon which the transaction must be voidable. The case law, however, is clear that the appropriate date is the date of the filing of the petition."); *First Union Nat'l Bank v. Gibbons (In re Princeton–New York Investors, Inc.)*, 219 B.R. 55, 59 n. 4 (D.N.J.1998) ("[P]ursuant to 11 U.S.C. § 541(a), the date of the filing of the bankruptcy petition, although not specified in § 544(b), has been recognized by a number of courts as the date upon which the transaction must be voidable.") Guardian's security interest was perfected as of the Petition Date. The Trustee, therefore, may not avoid the security interest under § 544(b).

The Trustee relies on five cases in support of his § 544(b) argument—*Leibowitz v. Parkway Bank & Trust Co. (In re Im-age Worldwide, Ltd.)*, 139 F.3d 574 (7th Cir.1998); *In re Leonard*, 125 F.3d 543 (7th Cir.1997); *Adler v. Hill (In re Hill)*, 981 F.2d 1474 (5th Cir.1993); *Stalnaker v. DLC, Ltd. (In re DLC, Ltd.)*, 295 B.R. 593 (8th Cir. BAP 2003), *aff'd*, 376 F.3d 819 (8th Cir.2004); and *In re Turner*, 78 B.R. 166 (Bankr.E.D.Tenn.1987). The Trustee's reliance on these cases is misplaced. In *Image Worldwide, Leonard, DLC* and *Turner*, fraudulent conveyance or fraudulent transfer statutes formed the bases for the trustee's avoidance under § 544(b). *See Image Worldwide*, 139 F.3d at 577; *Leonard*, 125 F.3d at 544; *DLC*, 295 B.R. at 601; *Turner*, 78 B.R. at 170. The Trustee does not allege a fraudulent transfer, or any other basis for avoidance here. The Trustee's fifth case, *Hill*, also inapposite. There, the trustee avoided—pursuant to § 544(b)—a transfer in which the debtor had pledged his stock in a closely-held corporation to one of his creditors in violation of the terms of the corporation's articles of incorporation. The court held that the trustee could avoid the stock pledge by standing in the shoes of other shareholders, who also were unsecured creditors of the debtor by virtue of their rights under the articles of incorporation. *Hill*, 981 F.2d at 1488. Thus, in each case cited by the Trustee in support of his § 544(b) claim, the Chapter 7 trustee had a ground for avoidance of the challenged transfer under state law. Not so here. Because the Trustee provides no basis under applicable law for avoidance of Guardian's security interest, his § 544(b) claim fails as a matter of law.

## VI. Conclusion

For the foregoing reasons, the Court finds that (1) the Trustee is not entitled to judgment as a matter of law and (2) Guardian is entitled to judgment as a matter of law on Count II of the Complaint. The Motion, therefore, is **DENIED.** The

Court will enter a separate judgment entry in accordance with this memorandum opinion.

**IT IS SO ORDERED.**

